In Re Condemnation Proceedings in East Park District, Etc., Kansas City, Missouri, Respondent v. Brice J. Mansfield, Appellant.—201 S. W. 2d 434.

Kansas City Court of Appeals.   Opinion delivered March 3, 1947.

*R. J. Smith* for appellant.

*David M. Proctor,* City Counselor, *Benj. M. Powers,* for respondent.

*George L. Stemmler* and *James B. Steiner,* Attorneys for The City of St. Louis.

BOYER, C.—Kansas City instituted this proceeding to condemn property for park purposes. The appellant as an individual, to-

gether with others, owned part of the ground to be taken and described as Tract 1 in the record. The transcript filed here, as well as appellant's brief, shows that the proceeding was duly and regularly instituted and prosecuted through the various steps of the procedure to final judgment in conformity with the plans and provisions of Kansas City's special charter for the condemnation of property for public purposes. The transcript shows that appellant appeared by counsel during the selection and qualification of a jury of six disinterested freeholders; that such jury was selected by the court; that thereafter a trial was had before such jury at which appellant also appeared by attorney. The jury returned its verdict September 17, 1945, and awarded damages to the owners of the various tracts of land to be taken and levied special assessments upon real estate to be benefited thereby. The next day the various owners of Tract 1, including appellant, filed separate motions for a new trial and a rehearing, said motions being based primarily upon the allegation that the award of damages for the taking of Tract 1 was so inadequate as to amount to confiscation. There was no claim made in either of these motions that defendants were not accorded trial by a proper jury. The motions were overruled and on December 19, 1945, the court entered its final decree and judgment confirming the verdict of the jury of freeholders. Thereafter, and on December 21, 1945, a motion was filed in behalf of Mansfield entitled: "Motion for trial of this condemnation case by a jury of 12 men." This motion recites that Mansfield was one of the defendants; that he had filed exceptions to the award of the jury of six; that said exceptions were contained in his motion for new trial and had been denied and overruled by the court and the verdict of the jury duly confirmed by the court; that under the terms and provisions of an act of the legislature found in the Laws of Missouri 1943, page 623, he is entitled to have the entire issue as to what damages should be adjudged and decreed to him as the owner of Tract 1 fixed and determined by a jury of twelve men, and prayed the court to so rule. This motion was heard and overruled on February 19, 1946, to which order defendant saved exceptions. On the following day, February 20, 1946, Mansfield filed notice of appeal to the Supreme Court from the order of the court denying him a trial by a jury of twelve men on the question of damages to be allowed. The motion is captioned: "Notice of appeal by Brice J. Mansfield, property owner, from order of court denying him a trial by a jury of 12 men on the question of damages to be allowed him for the taking of real property owned by him and described as Tract 1, in this proceeding." This notice of appeal literally and specifically shows that the appeal taken in this case was merely from the order overruling Mansfield's motion for a trial by a jury of twelve.

The case was sent to the Supreme Court where briefs were filed on behalf of appellant and on behalf of respondent, Kansas City; and upon request of counsel in behalf of the City of St. Louis, they were permitted to file a brief as *amicus curiae*. Upon consideration of the case, the Supreme Court found that "there is no constitutional question presented to confer appellate jurisdiction upon this court," and transferred the case to the Kansas City Court of Appeals.

The briefs are devoted to a consideration of the question as to whether the Session Act referred to and shown on page 623 of the Laws of Missouri 1943, applies to every condemnation proceeding in the state, including such proceedings as are instituted and prosecuted in accordance with the plan and provisions contained in the charter of cities authorized to and operating under special charters. We have reached the conclusion that this court is precluded from a consideration and decision of the question sought to be presented for the reasons which we shall now state.

A matter of first concern to every appellate court in any case presented is the question of jurisdiction which arises *sua sponte*, as well as upon suggestion of a party litigant. From the plain record in this case the question of jurisdiction naturally arises upon inquiry as to whether the appeal in this case is from a non-appealable order.

It is old law, reiterated in many cases, that the right of appeal is purely statutory and exists only in cases specified or reasonably within the statute. It is unnecessary to multiply authorities. Pence v. K. C. Laundry Service Co., 332 Mo. 930, 936, 59 S. W. (2d) 633. An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. See Weller v. Hayes Truck Lines, 192 S. W. (2d) 677, 679; citing State ex rel. v. Trimble, 333 Mo. 51, 62 S. W. (2d) 473, and many other cases. Such has been declared to be the law of permissible appeals under Sec. 1184, R. S. Mo. 1939, which among other things, allowed an appeal to any party aggrieved by a judgment and from any final judgment, or from any special order after final judgment in the cause. Sec. 126 of the new Civil Code, Laws of Missouri 1943, page 390, conferring the right of appeal and defining and enumerating the specific orders and decisions from which an appeal may be taken, is substantially the same as Sec. 1184 of the old Code. The provisions are identical in reference to the allowance of an appeal to a party aggrieved by a judgment and from any final judgment, or from any special order after final judgment in the cause. So the inquiry in this case centers directly upon the question as to whether the order from which an appeal was taken in this case is in fact an appealable order within the contemplation and meaning of the statute, and particularly whether such order comes within

the category of a "special order after final judgment" from which an appeal is permitted.

There is a paucity of cases in which any of our courts have attempted a definition or an interpretation of the meaning of the particular phrase in question. However, there is one case by our Supreme Court in which an interpretation was made, and we regard it as apt and conclusive in the pending case. In Wehrs v. Sullivan, 187 S. W. 825, 826, the Supreme Court gave its interpretation of the meaning of the phrase "any special order after final judgment in the cause" and the court said: "This clause refers to the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." A final judgment had been rendered in the case and appellants sought to prosecute an appeal from the order overruling their motion for a new trial. The court was considering whether it had jurisdiction of the cause in that appeal, and preceding the definition above given the opinion states and holds, in effect, that the fact that an appeal might have been taken from the judgment demonstrates that the order appealed from does not come within the meaning of "any special order after final judgment in the cause." There has never been any departure or variation from these pronouncements so far as we have been able to ascertain. Applying the law thus stated, it appears that appellant in this case had no right of appeal from the order overruling his motion for a jury trial on the ground that such order was a special order after final judgment in the cause. It has often been stated that rulings of the court upon motions are not judgments of the court. Pence v. K. C. Laundry Service Co. supra, l. c. 937.

The motion of appellant for trial by jury was subsequent to the final judgment and was not in any sense the initiation of a special proceeding attacking the validity of the judgment; nor is there any claim that it was intended as such. There is no claim that appellant was aggrieved by the judgment. The motion of appellant for the order which he desired was not in fact a proper motion to be filed at the time it was presented. It had no status which the law recognizes. If appellant desired to assert the claim of a right of trial by a jury of twelve in due and orderly process, he should have made such request before the jury was impaneled. Instead of doing that the record in this case shows that appellant appeared by counsel at the trial before the freeholders' jury. When that jury's verdict was rendered a motion for a new trial was filed in behalf of appellant which he claims to be his exceptions to the findings of the jury. There was no objection in that motion to the kind of jury that tried the case, nor was there any claim of this defendant's right to a trial by a jury of twelve, and no such claim was ever asserted until after final judgment in the case affirming and approving the verdict of

the jury. The motion in question was not only out of time but out of place. It was without any definite direction or purpose known to the law. If such a motion could be considered proper at the time and place presented and an appeal from an order overruling it be permitted, an indefinite number of such motions might be filed with the result of greatly increased expense, delay, and almost interminable litigation. The order from which the appeal was taken in this case was not a special order after final judgment in the cause for which an appeal was permissible under the statute.

The conclusion necessarily follows that this court has no jurisdiction of the cause other than to dismiss the appeal. The appeal should, therefore, be dismissed and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The appeal is dismissed.

All concur except *Sperry, C.,* not sitting.