THE CITY OF ST. LOUIS, a Municipal Corporation, Respondent, v. IDA FRIEDMAN, Appellant.—No. 40717.—216 S. W. (2d) 475.

Division One, December 13, 1948.

Rehearing Denied, January 7, 1949.

J. C. *Hopewell* for appellant.

*George L. Stemmler,* City Counselor, *Albert Miller* and *Francis M. Barnes III,* Associate City Counselors, for respondent.

684

[476] CLARK, J.—Defendant appeals from a decree of the circuit court enjoining her from using her real estate in a certain manner in violation of the city's zoning ordinance.

Respondent questions our jurisdiction, which appellant attempts to invoke on two grounds: (1) this is a civil suit in which one of the parties, City of St. Louis, is a political subdivision of the State; (2) the decree and the application of the zoning ordinance to the use of appellant's property violates appellant's constitutional rights by taking her property without just compensation and without due process of law as guaranteed by both the Federal and State constitutions.

St. Louis operates both as a city and as a county, but no county rights or functions are involved in this case. As a city it is not a political subdivision so as to give us jurisdiction of this appeal under Article V, Section 3, of the State constitution. [Superior Press Brick Co. v. City of St. Louis, (Mo.) 152 S. W. (2d) 178; Lovins v. City of St. Louis, 336 Mo. 1194, 84 S. W. (2d) 127.]

The petition filed by the city as plaintiff is long, but so far as we are concerned here it alleges: that defendant, operating under the name of Continental Auto Salvage Company, is using her property for storage of scrap iron and junk; that her property is situate in a portion of the city zoned as an industrial district where the ordinance provides the property may be used for any purpose except, among others, "storage of scrap paper, iron, bottles, rags or junk."

[477] Appellant's answer denied that she was using her property for storage of scrap iron or junk and, among other defenses, stated: "Further answering, this defendant states that the said ordinance, known as the Zoning Ordinance of the City of St. Louis, Missouri, so far as it involves the use of this defendant's property mentioned in plaintiff's petition, is unlawful, unconstitutional and invalid in that it is unreasonable and oppressive that it imposes restrictions upon

the use of private property that have no relation to the health, safety, comfort or welfare of the inhabitants of the city; that it is an unlawful deprivation of the use of defendant's property without compensation or due process of law, a denial of the enjoyment of the gains of her own industry, and that the enactment of the ordinance is not within the powers delegated to the city.''

In her motion for new trial, renewed in substantially the same language in her brief, appellant stated:

''That the judgment and decree of the Court herein is wrong and erroneous because it is based upon an ordinance pleaded in Plaintiff's petition, valid in its general scope and application, but as applied to the use of this particular piece of property is unconstitutional in that under the evidence and the law said judgment and decree constitutes a taking of Defendant's property without compensation under the guise of an exercise of the police power and is in violation of the Fourteenth Amendment of the Federal Constitution.''

In many cases we have said that, in order to give this court jurisdiction of an appeal on the ground that a constitutional question is involved, the question must be raised at the first opportunity and the particular provision of the constitution alleged to have been violated must be pointed out. [Houts, Missouri Pleading and Practice, Vol. 2, page 237, and cases cited.] Appellant did raise the question at the first opportunity, in her answer; and, while she did not point out by section and article a particular constitutional provision, she stated the matter with sufficient clearness to apprise the trial court and this court of the provisions she was attempting to invoke. That is substantial compliance with our requirement in this respect.

Appellant concedes that the zoning ordinance is constitutional in its general aspect. She does not complain of the classification of the district in which her property is situate as ''industrial,'' but she claims that one clause of the ordinance is unconstitutional as applied to the use of her property. This raises a point as to whether a constitutional question is properly before us in view of our many previous decisions, such as State ex rel. Volker v. Kirby, 345 Mo. 801, l. c. 806, 136 S. W. (2d) 319, where we state the rule as follows: ''To raise that question the contention must be that the law is unconstitutional whatever it means and under any construction of which it is susceptible.'' Whether or not the cases approving that formula state it too broadly, we do not believe they rule the instant case. Certainly appellant was within her rights in attacking one clause of one section of the ordinance although conceding that the ordinance generally is valid. Constitutional questions frequently come before us in that manner, especially in construing zoning ordinances. [Glencoe Lime & Cement Co. v. St. Louis, 341 Mo. 689, 108 S. W. (2d) 143.] It was not inconsistent for appellant to deny that she had violated the ordinance and also assert that the ordinance is invalid. Section 42 of

our Code of Civil Procedure says, "A party may also state as many separate claims or defenses as he has whether based on legal or on equitable grounds or on both."

In State ex rel. Volker v. Kirby, supra, the separate concurring opinion argues that the majority opinion in that case and similar opinions in other cases are wrong in stating that a constitutional question may never be raised conditionally or contingently. We need not decide that question here, for we think appellant has raised the question *unconditionally*.

As we understand appellant's position, considering together her answer, motion for new trial and brief, it is this: she denies that she violated the ordinance by [478] storing scrap iron and junk and then states that the particular clause of the ordinance invoked against her is unconstitutional in so far as it prohibits the storage of scrap iron and junk in the district zoned as "industrial." That amounts to saying that the clause of the ordinance upon which the suit is based is unconstitutional however interpreted.

In Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, the Supreme Court of the United States settled the question of the legality of zoning ordinances. Since that decision, the Supreme Court of Missouri has often upheld the power of cities to enact such ordinances and define the uses to which property may be put in specified districts.

In this state all incorporated cities are expressly vested by statute with authority to enact and enforce such ordinances. [Sections 7412-7423, inclusive, Revised Statutes of Missouri 1939; Mo. R. S. A.] The purposes of the law are set forth in Section 7412, "promoting health, safety, morals, or the general welfare of the community;" and more specifically in Section 7414, "to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue crowding of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the values of buildings and encouraging the most appropriate use of land throughout such municipality."

The purposes stated cover a wide range. Of course, the classification must not be arbitrary or unreasonable and must have some reference to the objects stated in the law. Esthetic values alone are not a sufficient basis for classification, but are entitled to some weight where other reasons for the exercise of the power are present. [37 Am. Jur., p. 930, sec. 289; Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; State ex rel. v. Christopher, 317 Mo.

1179, 298 S. W. 720; Landau v. Levin, No. 40449, filed July 12, 1948, 358 Mo. 77, 213 S. W. (2d) 483, and cases cited.] In the last case cited we said "the city's legislative body has the duty to determine the use classification to be given any particular area. Unless it should appear that the conclusion of the city's legislative body in the respect in issue here is clearly arbitrary and unreasonable, we cannot substitute our opinion for that of the city's Board of Aldermen in zoning the property in question . . . If the city's action . . . is reasonably doubtful or even fairly debatable we cannot do so."

We cannot say that the provision of the ordinance which prohibits the storage of scrap iron and junk in certain defined districts is entirely unconnected with the broad purposes of the statute above quoted. [Euclid v. Ambler Realty Co., supra.] We hold that the ordinance does not violate the Federal or State constitution.

On the merits the contest resolves itself into a question of what constitutes the storage of "scrap iron" and "junk." The ordinance does not define those terms, but does define "junk merchant" as "Any person, firm or corporation engaged in the business of buying, selling, exchanging or dealing in old junk, metals, bottles, syphons, old rope, old iron, brass, copper, tin or lead, second-hand plumbing materials, second hand gas and electric fixtures, old rubber tires or other used or old articles commonly designated as 'junk,' and having a store, stand or place of business . . ."

The evidence shows that appellant owns two parcels of real estate in the same city block, one with a frontage of about 200 feet on Cass Avenue and the other with a frontage of 25 feet on Sheridan Avenue. The land is partly covered by buildings and sheds. On this property appellant's son conducts an "auto parts or auto salvage business," and has done so for about fourteen years. Old or wrecked cars are brought there; a few of them are reconditioned and sold as cars, but generally all usable parts are removed and stored both inside and outside the [479] buildings for sale to the public. After all usable parts are removed the accumulated remnants are hauled away and sold to junk dealers. No scrap paper, iron or rags were handled. Appellant put in evidence a number of pictures. They show a large number of automobiles in various states of disrepair, tires, fenders and other parts in an open lot adjacent to a street. One of these pictures shows such things piled high against, or nearly against, the back porch of a building upon the wall of which is a sign "Foster's Confectionery." Appellant offered three witnesses who testified that they were conducting "auto parts business" similar to that of appellant's son and that same did not constitute "junk" business. Appellant proved that a number of regular junk dealers operate in the vicinity of her property.

The trial court found that the evidence shows that the use of appellant's property constitutes a violation of the ordinance and en-

joined her from storing "scrap iron and junk and other waste metals and as a place to store wrecked automobiles, scrapped automobiles, junked automobiles and junked trucks, which are of no further use as automobiles or trucks" etc.

We think the evidence fully justifies the court's finding.

In Weinstein v. City of Raleigh, 219 N. C. 643, 14 S. E. (2d) 661, the trial court found that the plaintiff there was regularly engaged in the business of buying old automobiles, old tires, old car frames and cars in a unit, and selling individual items from old cars to garages and mechanics, and then held as a matter of law "that plaintiff is engaged in the business of buying and selling and dealing in what is commonly known as junk." The Supreme Court of North Carolina affirmed the decree.

Without confining ourselves to a specific definition of the term "junk," applicable to all cases, we feel sure that the remnants of old cars remaining after the removal of all usable parts come within that term and that such remnants were kept on appellant's premises a sufficient length of time to amount to "storage."

■. Appellant says that the proof shows that many other automobile salvage concerns and many regular junk dealers are operating in the same vicinity, and that it is unjust discrimination to enforce the ordinance against her alone. That goes to the manner of the enforcement of the ordinance, not to its validity. The fact that others may be violating the ordinance is no defense for appellant. Nor is it any defense that she has been using her property in the same way for many years. The first zoning ordinance was enacted before her property had been put to such use, but, even if that were not so, her property would have been and is subject to future zoning legislation. [St. Louis Poster Adv. Co. v. City of St. Louis, 249 U. S. 269.]

■ We overrule appellant's contention that injunction is not the proper remedy because the ordinance provides for enforcement by fine. The proceeding is not a prosecution for crime. It is more in the nature of a civil action for the abatement of a continuing nuisance and is within the jurisdiction of a court of equity. [State ex rel. Burns v. Shain, 297 Mo. 369, 248 S. W. 591; Glencoe Lime & Cement Co. v. St. Louis, 341 Mo. 689, 108 S. W. (2d) 143.]

The decree of the trial court is affirmed. All concur.