### STATE v. BECKER.

No. 28824.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Morris A. Shenker, Sidney M. Glazer, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Jasper R. Vettori, Associate Pros. Atty., St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment of the St. Louis Court of Criminal Correction, Division No. 1, finding Harold Becker guilty of a violation of Section 563.280 RSMo 1949, V.A.M.S. This section, among other things, prohibits the possession, with intent to sell or circulate, of any obscene, lewd, licentious, indecent or lascivious pamphlet, paper, picture, photograph or other publication of an indecent, immoral or scandalous character. The information, filed by the Associate Prosecuting Attorney of St. Louis, charged defendant with having in his possession, with intent to sell and circulate, "certain obscene, indecent, scandalous and immoral publications, to-wit: 648 Publications entitled 'Solaire Universelle de Nudisme,' Vol. 1, No. 5, and 195 entitled 'Sunshine and Health,' the same containing pictures and photographs of men, women and children in the nude with private parts completely depicted including the pubic hair." The cause was tried to the court without a jury. Upon a finding of guilt, the court assessed a fine of $100. Following the overruling of defendant's motion for a new trial, sentence was imposed, and this appeal followed.

Three assignments of error are briefed, but this opinion will deal with only one of them for the reason that it disposes of the case insofar as this court is concerned. "Allegation of Error" No. III is as follows:

"Section 563.280, the statute upon which this prosecution is based in employing the words 'indecent, immoral or scandalous', is too vague and indefinite to provide an ascertainable standard of guilt and therefore is violative of the due process clause of Article I, Section 10, of the Missouri Constitution and of the due process clause of Amendment 14 of the United States Constitution."

The facts in this connection are as follows: Defendant filed a motion to quash the information upon three grounds, one of which was as follows:

"The statute upon which this prosecution is based is unconstitutional for the reason that it violates the due process clauses of the State and Federal Constitution in that it is too vague and indefinite to provide an ascertainable standard of guilt."

The same point was made in exactly the same language in defendant's demurrer at the close of the state's case and at the close of the entire case, and in defendant's motion for a new trial.

The question which immediately arises is whether this case involves a construction of the Constitution of the United States, or of this state. If it does, it is our duty to transfer the case to the Supreme Court, which is given exclusive appellate jurisdiction in all such cases. Section 3, Article V, Constitution of Missouri, 1945.

In order to preserve a constitutional question for review the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified or designated; the question must be kept alive; the point must be presented in the motion for a new trial if there is one; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, and cases cited; State ex rel. Houser v. St. Louis Union Trust Co., Mo. Sup., 248 S.W.2d 592, and cases cited; Ingle v. City of Fulton, Mo. Sup., 260 S.W.2d 666.

It seems evident to us that all of these requirements have been met, and that a constitutional question has been fairly raised by defendant, necessitating our transfer of this case to the Supreme Court.

The only question on which we have the slightest doubt is whether the defendant designated or specified the particular sec-

tion of the constitutions claimed to have been violated. Instead of giving the article and section numbers in each instance defendant, at all procedural stages preceding the filing of his brief in this court, referred to "the due process clauses of the State and Federal Constitution." We realize that in certain cases the Supreme Court has stated that the party relying on a constitutional question should cite the constitutional provision relied on by article and section number. City of St. Louis v. Butler Co., supra; Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112. In other cases, however, a more general specification has been held sufficient. Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874; Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S.W.2d 411; City of St. Louis v. Friedman, 358 Mo. 681, 216 S.W.2d 475. There is only one "due process" clause in each constitution. It is a constitutional provision of universal recognition. All lawyers and judges know what is meant by the term "due process clause," and know where to find it. To refer to the clause by that name is as precise and specific an identification as the giving of the number of the amendment and paragraph or article and section. No uncertainty or indefiniteness is involved. The additional information would be superfluous—wholly unnecessary to a full understanding on the part of the court as to the exact constitutional provision invoked. We cannot brush aside constitutional questions of serious import, fairly and timely raised and properly kept alive, and assume jurisdiction on the pretext that appellant has not raised the point properly, when in the motion to quash and at every conceivable stage thereafter he contended that the statute under which he was being prosecuted was unconstitutional as a violation of the due process clauses of the State and Federal Constitutions. This is not a case of raising the constitutional question as an "afterthought on appeal." See City of St. Louis v. Butler Co., supra, 219 S.W.2d loc. cit. 376.

Since there is grave doubt as to our jurisdiction to hear this appeal, we resolve the doubt against our jurisdiction, as is our invariable rule, and order the cause transferred to the Supreme Court for final and authoritative determination.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The cause is, accordingly, ordered transferred to the Supreme Court for determination.

ANDERSON, P. J., BENNICK, J., and ADAMS, Special Judge, concur.