CITY OF OLIVETTE, a municipal corporation, Plaintiff-Appellant,

v.

Walter GRAELER et al., Defendants-Respondents,
Industrial Properties, Inc., a corporation, Intervenor, Respondent.

No. 30179.

St. Louis Court of Appeals.
Missouri.

Nov. 17, 1959.

this action the City of Olivette seeks to annex some 300 acres of land which is adjacent to its present boundaries. The first amended petition describes the property to be annexed, alleges the reasonableness and necessity of the annexation, and the immediate availability of the City of Olivette's services to the area sought to be annexed. Anwers resisting the annexation were filed by the class action respondents, certain landowners in the tract sought to be annexed, and by the intervenor respondent. Appellants filed a reply brief and upon oral argument we granted respondents leave to file an additional memorandum in response to appellant's reply brief. We also granted Monsanto Chemical Company leave to file brief as amicus curiae. Each respondent filed a motion to dismiss the appeal and we received suggestions in support of the motions and suggestions in opposition, and upon one of the motions affidavits and counter-affidavits were filed.

The trial court held:

"Finding and Order on Defendants and Intervenor-Defendant's Motions for New Trial

"This proceeding is brought under the provisions of Sec. 71.015, R.S.Mo. 1949, Laws 1953, for a declaratory judgment authorizing the annexation of certain lands to the City of Olivette.

"Sec. 71.015 relates to the annexation of 'any unincorporated area of land.' It has not been contended that geographically the phrase 'unincorporated area' means anything other than that the proposed to be annexed area lies outside the boundaries of an incorporated municipality. From this point of view it is undisputed that the proposed to be annexed area is an 'unincorporated area of land.'

"St. Louis County under the provisions of its Home Rule Charter, adopted in 1950, has and exercises powers and functions in the unincorporated areas of the County which are identi-

Husch, Eppenberger, Donohue, Elson & Jones, Carroll J. Donohue, Shulamith Simon, St. Louis, for appellant.

Claude W. McElwee, Lewis, Rice, Tucker, Allen & Chubb, James A. Singer, Jerome M. Rubenstein, J. L. Pierson, Fordyce, Mayne, Hartman, Renard & Stribling, Thomas Rowe Schwarz, Samuel A. Mitchell, Charles M. Spence, Thompson, Mitchell, Thompson & Douglas, St. Louis, for respondents.

BRADY, Commissioner.

This is an action by the City of Olivette seeking a declaratory judgment in a proceeding under Section 71.015 RSMo 1949, V.A.M.S., Laws of Missouri 1953, p. 309, commonly known as the Sawyer Act. By

cal with the powers and functions of a municipal corporation. That this is true to some extent at least is supported by language of the Supreme Court of Missouri in the case of State [on Inf. of Dalton] ex rel. [Shepley] v. Gamble, et al. [365 Mo. 215], 280 S.W. 2d 656, wherein it is stated:

"Moreover, charter counties are endowed with some of the powers and functions of a municipal corporation in the area outside incorporated cities. They are empowered to exercise legislative power pertaining to public health, police, and traffic, building construction, and planning and zoning in such areas. Section 18(c), supra. These are police powers ordinarily vested in municipal corporations. * * * A county under the special charter provisions of our constitution is possessed to a limited extent of a dual nature and functions in a dual capacity. It must perform state functions over the entire county and may perform functions of a local or municipal nature at least in the unincorporated parts of the county. * * * (1[oc]. c[it]. p[age] 660)

"If then the legislature in enacting Sec. 71.015 impliedly meant, by using the phrase 'unincorporated area,' both an area which was outside the boundaries of an incorporated municipality and which was not receiving municipal services, the area here involved is not covered by the provisions of said section since the evidence abundantly shows, and the Court finds, that St. Louis County does render to the unincorporated areas of the county (including the proposed to be annexed area) services which are municipal in nature.

"Whether or not these municipal services rendered by St. Louis County in the unincorporated area are as broad or extensive as those services which might be rendered by an incorporated municipality is debatable but not pertinent if we assume the intention of the legislature was to exclude from the purview of Sec. 71.015 those areas which receive municipal services.

"This assumption would appear to be a reasonable one, and one intended by the legislature, since in every county in the State of Missouri, except in St. Louis County, 'unincorporated area' and absence of municipal services are synonymous.

"Since Sec. 71.015 is made expressly applicable only in the event the area to be annexed is an 'unincorporated area,' this is a necessary prerequisite to the court's jurisdiction in proceedings under that statute which is here absent.

"Accordingly, the judgment entered herein on April 18, 1958 is vacated and set aside and plaintiff's petition dismissed."

■ It is clear that the trial court's action in dismissing appellant's petition is based upon its construction of Article 6, Section 18, Constitution of Missouri 1945, V.A.M.S., and it is from this order that appellant has taken its appeal. The fact that it has chosen this court as the proper forum in which to bring its appeal does not vest this court with jurisdiction, although it might explain why appellant's brief failed to contain any statement of jurisdiction. Questions of jurisdiction are matters of first concern to every appellate court, and can arise sua sponte as well as by suggestion of a party litigant. Briley v. Thompson, Mo.App., 285 S.W.2d 27; Hahn v. Hahn, Mo.App., 287 S.W.2d 337; Taney County v. Addington, Mo.App., 296 S.W. 2d 129; Dillen v. Edwards, Mo., 263 S.W. 2d 433; East Park Dist., etc., Kansas City v. Mansfield, 240 Mo.App. 325, 201 S.W.2d 434; Miller v. Haberman, Mo.App., 219 S.W.2d 656; Coghlan v. Trumbo, Mo.App., 171 S.W.2d 794. This court is a court of general jurisdiction and the Supreme Court has that jurisdiction specifically conferred

upon it. Holland v. City of St. Louis, Mo., 262 S.W.2d 1 at page 3; State ex rel. Thompson v. Roberts, Mo., 264 S.W.2d 314; Vogrin v. Forum Cafeterias of America, Inc., Mo.App., 301 S.W.2d 406. Article 5, Section 3, Constitution of Missouri 1945, V.A.M.S., grants exclusive appellate jurisdiction to the Supreme Court in all cases involving the construction of the Constitution of this State. In Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94, 98, the Supreme Court defined the term "construction" as follows:

"* * * Construction is a broad term, and perhaps as instructive a definition as could be stated is quoted from Abbott in Webster's International Dictionary as follows: 'Strictly, the term (construction) signifies determining the meaning and proper effect of language by a consideration of the subject-matter and attendant circumstances in connection with the words employed.' "

In the case of E. B. Jones Motor Co. v. Industrial Commission, Division of Employment Security, Mo., 298 S.W.2d 407, loc. cit. 410, the court said "It is only when constitutional provisions are not clear that resort must be had to construction."

Section 71.015, supra, provides:

"Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, before proceeding as otherwise authorized by law or charter for annexation of *unincorporated areas,* file an action in the circuit court of the county in which such *unincorporated area* is situated, under the provisions of chapter 527 R.S.Mo., praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing:

"1. The area to be annexed;

"2. That such annexation is reasonable and necessary to the proper development of said city; and

"3. The ability of said city to furnish normal municipal services of said city to said *unincorporated area* within a reasonable time after said annexation is to become effective. Such action shall be a class action against the inhabitants of such *unincorporated area* under the provisions of section 507.070, R.S.Mo.Laws 1953, p. 309, § 1." (Emphasis supplied.)

Article 6, Section 18(c), Constitution of Missouri 1945, V.A.M.S., provides:

"The charter may provide for the vesting and exercise of legislative power pertaining to public health, police and traffic, building construction, and planning and zoning, in the part of the county outside incorporated cities; and it may provide, or authorize its governing body to provide, the terms upon which the county shall perform any of the services and functions of any municipality or political subdivision in the county, except school districts, when accepted by vote of a majority of the qualified electors voting thereon in the municipality or subdivision, which acceptance may be revoked by like vote."

In State On Inf. of Dalton ex rel. Shepley v. Gamble, 365 Mo. 215, 280 S.W.2d 656, the Supreme Court, en banc, held that the duty of a charter county to perform state functions over the entire county and to perform functions of local or municipal nature at least in the unincorporated part of St. Louis County are constitutional grants and take precedence over, and are not subject to legislative power.

Section 18(h) of Article 6, supra, provides that the charter "* * * shall supersede any existing charter or government * * *." Section 18(a) of Article 6, supra, provides:

"Any county having more than 85,000 inhabitants, according to the census of the United States, may frame and adopt and *amend a charter* for its

own government as provided in this article, and upon such adoption shall be a body corporate and politic." (Emphasis supplied.)

Section 18(k), supra, states:

"All amendments to such charter approved by the voters shall become a part of the charter at the time and under the conditions fixed in the amendment."

In McConnell v. City of Kansas City, Mo., 282 S.W.2d 518, the Supreme Court held that the Sawyer Act did not apply to a constitutional charter city (see Article 6, Section 19, Constitution of Missouri 1945, V.A.M.S.) because Section 20 of Article 6 provided for submission of proposed amendments to the city charter to the electors at a certain specified time and that a procedure under the Sawyer Act might go beyond that time and therefore be in conflict with the constitutional provision. Section 18(k), supra, above quoted, provides that amendments to the charter of a county organized under that section become effective at the time and under the conditions stated in the amendment itself.

■ We believe that a finding that the area sought to be annexed is unincorporated is jurisdictional to a proceeding under the Sawyer Act. We do not believe such a finding can be made without a necessary reference to the provisions of Article 6, Section 18 of the 1945 Constitution and a determination of the meaning and proper effect of the language there used. Just what kind of governmental creature was authorized and created by those provisions of our Constitution must necessarily be determined before a finding that the area sought to be annexed in this proceeding is an "unincorporated area" as that term is used in the Sawyer Act can be made. The meaning of Article 6, Section 18, supra, is certainly not clear.

■ In order to preserve a constitutional question for review, the question must be raised at the first available opportunity; the sections of the constitution involved must be specified or designated; the point must be presented in motion for new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, and cases there cited. It seems to us that all of these requirements have been met. The only question in that connection is whether the defendant designated or specified the particular sections of the constitution involved. The purpose of this requirement is to apprise opposing counsel, the trial court and the appellate court of the sections of the constitution deemed involved and to avoid uncertainty and indefiniteness. But this is not a case where there can be a claim that several constitutional provisions could be involved. The allegations of paragraph 7A of the answer to plaintiff's amended petition are:

"That the area sought to be annexed is included within an organized and existing body politic or municipal corporation, organized by the adoption of the St. Louis County Charter, and by reason thereof Section 71.015 R.S.Mo. 1949 is not applicable and that the provisions of Chapter 72, R.S.Mo. 1949 governing procedures for the consolidation of municipal corporations is applicable, and by reason thereof plaintiff is not entitled to the relief prayed herein."

■ There is no indefiniteness or uncertainty here. There is only one section of the constitution dealing with charter counties. A reading of this paragraph would immediately refer opposing counsel and the trial court to Article 6, Section 18 of the 1945 Constitution of this state and to no other section. As we held in State v. Becker, Mo.App., 268 S.W.2d 51, 53: " * * * The additional information would be superfluous—wholly unnecessary to a full understanding on the part of the court as to the exact constitutional provision invoked." As earlier stated here-

in, the trial court did understand the point raised and ruled upon it. We believe these allegations sufficient to meet the requirements. Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W. 2d 874; Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S.W.2d 411; City of St. Louis v. Friedman, 358 Mo. 681, 216 S.W.2d 475. Moreover, there is doubt that under the facts here the constitutional point need be raised until motion for new trial. Ivey v. Ayers, Mo., 301 S.W.2d 790; Appeal of Mac Sales Co., Mo., 256 S.W.2d 783. The trial court first ruled for appellant and later, after considering after trial motions which more specifically specified the constitutional point, set aside that order and entered the order recited herein from which the appeal is taken. See Section 510.330, RSMo 1949, V.A.M.S. We believe paragraph 7 of the after trial motions, which is identical in all after trial motions, met the requirements of the Dye, Wooster and Friedman cases cited above. In any event, in considering the whole record as we are entitled to do in determining our jurisdiction, Palmer v. Lasswell, Mo. App., 279 S.W.2d 535; Ensminger v. Stout, Mo.App., 287 S.W.2d 400, it is clear that this is not a case where the constitutional point was raised as an afterthought, City of St. Louis v. Butler, supra; State v. Becker, supra.

We have heretofore stated that the trial court's ruling was based upon his interpretation of Article 6, Section 18, Constitution of Missouri 1945. We believe this to be obvious from the trial court's action in dismissing the petition and from the stated reasons for such action as found in the next to last paragraph of the Finding and Order set out earlier herein. It is from this ruling, one based on constitutional construction, the City of Olivette has taken its appeal. We have grave doubt that City of St. Louis v. Butler, supra, applies to the situation and facts presented by this appeal. If the Butler case does apply, then we have held the provisions complied with and the case should be transferred. If the Butler case does not apply the result is the same, i. e., transfer. In either event, being mindful of our established policy and rule to resolve any doubt against our jurisdiction, State v. Becker, supra, Chapman v. Schearf, Mo.App., 220 S.W.2d 757, this cause should be transferred to the Supreme Court for final determination. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The cause is transferred to the Supreme Court.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.