STATE of Missouri, Plaintiff-Respondent,

v.

Gordon KNIGHT, Defendant-Appellant.

No. 30835.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1961.

F. G. Armstrong, St. Louis, for appellant.

Daniel P. Reardon, Jr., Circuit Atty., James K. Pendleton, Asst. Circuit Atty., St. Louis, for respondent.

BRADY, Commissioner.

We took this case upon the record during our October docket. That record discloses that in 1946 the grand jury then in session in the City of St. Louis returned an indictment against the appellant wherein he was charged with the sale to one Albert Jewell of intoxicating liquor without first having procured a license authorizing him to sell intoxicating liquor. The record does not disclose when the appellant was arrested or arraigned, but he entered a plea of not guilty in February, 1947. He was represented by counsel. In May of that same year leave was granted to the state to file a substitute information in lieu of the indictment. That substitute information differs from the charge in the original indictment only that appellant was therein charged with selling this intoxicating liquor without a license to one Leslie B. Woodward instead of to the person named in the indictment. In June of 1947 the following entry appears:

"Withdraws former plea. Pleads guilty to Refilling Container from which Whiskey has been removed.

Adjudged to pay a fine of One Hundred ($100.00) Dollars. Fine and costs paid. Defendant discharged."

So far as the record discloses, nothing further happened in this case until November 14, 1960, when appellant was granted leave to file "A Motion to Vacate Sentence." By this motion, the appellant requested the trial court to "* * * vacate and to set aside the judgment and sentence heretofore entered in this cause as error coram nobis." As it appears from that motion, the appellant's theory is threefold. First, he urges that there is no provision of our statutes to support the charge to which he pleaded guilty for the reason that § 4911, R.S.Mo.1939, now section 311.360 RSMo 1959, V.A.M.S., insofar as it prohibits the action to which he pleaded guilty, applies only to licensees, and it affirmatively appears from the indictment and substitute information that the appellant was not a licensee. In support of this contention, appellant calls attention to the fact that while Regulation 13(f) as promulgated by the Supervisor of Liquor Control of this state prohibits the refilling of a bottle from another container, these regulations apply only to licensees, and moreover the breach of such a regulation is not a crime under our statutes, although it may be grounds for action by the Supervisor to suspend or revoke the license. In the second place, appellant urges that if there is such a crime prohibited by our statutes, it is selling the liquor used to refill the bottle or contained in the refilled bottle, and that the information does not charge him with any sale. In the third place, he urges that the action to which he pleaded guilty is not a lesser included offense to that with which he was charged in the substitute indictment. On December 2, 1960, the trial court held a hearing on this motion to vacate the sentence and took it under submission, granting appellant five days to file a memorandum and the state five days thereafter to reply. On December 23, 1960, the court entered its order overruling the motion to vacate.

■ On the same day that the transcript was filed in this court, the appellant also filed his motion to transfer this cause to the Supreme Court of this state. Appellant's motion to transfer is based upon the contentions contained in paragraph 6 of his amendment of motion to vacate the sentence in that his prosecution was in violation of Article I, § 17, Constitution of Missouri, 1945, V.A.M.S., for the reason that such section provides that no person can be prosecuted criminally for a felony or for a misdemeanor otherwise than by indictment or by information, and that since appellant pleaded guilty to something that is either not a crime at all or is not a lesser included offense than that charged in the indictment or information, his prosecution was by means other than an indictment or information and thus in violation of the above cited provision of the Constitution. This motion was taken with the case and since it raises the question of our jurisdiction, a matter which we would consider sua sponte in any event, the appellant's motion for transfer is now for our ruling.

■■ This is a court of general jurisdiction, while the Supreme Court is limited to that jurisdiction granted it by Article V, § 3, Constitution of Missouri, 1945. However, the jurisdiction granted under that article and section is exclusive and among the grounds for the jurisdiction of the Supreme Court stated therein lies a case " * * * involving the construction of the Constitution * * * of this state." It is unnecessary in the instant case to go into the question of whether or not a "construction" of the Constitution of this state is here involved (see City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275, transferred to 338 S.W.2d 827) or whether this case remains within our jurisdiction because it can be disposed of without the necessity of ruling the constitutional point appellant states in his motion to transfer and the amended motion to vacate sentence. See State v. Egan, Mo.App., 272 S.W.2d 719, at loc. cit. page 725 [10, 11, 12]. See also the cases collected in Missouri Digest, Courts, Key 231(6); Article V, § 3, Constitution of Missouri, 1945, V.A.M.S., Note 35; and see the article in 14 Law Series, Missouri Bulletin 32 and cases cited at page 35. This is for the reason that the appellant has not properly presented the constitutional question he urges in his motion to transfer. Constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure, the sections of the Constitution claimed to have been violated must be specified, the point must be preserved throughout the trial, in the after-trial motions and upon appeal, City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, appeal transf. 223 S.W.2d 831; State v. Brookshire, Mo., 325 S.W.2d 497 at loc. cit. page 500 [3–7], transf. 329 S.W.2d 252; City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275, transf. 338 S.W.2d 827.

■ The appellant's original motion to vacate the sentence was filed on November 14, 1960, and that motion is utterly devoid of any reference to any constitutional provision either by specific citation or by such words that necessarily imply a certain provision of the Constitution. On December 2, 1960, the trial court held a hearing on that motion and took it as submitted, granting the appellant five days to file a memorandum. On December 7, 1960, the appellant filed an amended motion to vacate the sentence. This amended motion recites that it is filed by leave of court, although no such leave appears in the transcript. The amended motion sets forth allegations of a violation of the constitutional right guaranteed by Article I, § 17, Constitution of Missouri, 1945. The original motion was obviously the opening or first pleading of a procedure which is considered a new action for the purpose of revoking the judgment, Blodgett v. State, Mo., 245 S.W.2d 839, and is by nature a civil rather than criminal proceeding. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; State v. Smith, Mo., 324 S.W.2d 707. In any event, issue was joined on that

pleading, a hearing held on the allegations therein and the issues submitted to the court were those raised in that pleading. Thereafter the appellant can amend only by leave of court or written consent of the adverse party, section 509.490 RSMo 1959, V.A.M.S. The record discloses neither, nor was any action taken by the State which could be said to constitute a waiver or an agreement to proceed on the amended motion. In fact, the trial court ruled upon the original motion in its order of December 23, 1960, without any mention of, or a reference to, the attempted amended pleading. Under these circumstances the appellant has failed to raise the constitutional point in any pleading except the motion to transfer, and that obviously was not his earliest opportunity. The motion to transfer is denied.

Appellant has entitled his pleading as "A Motion to Vacate Sentence" but in the body of that motion he seems to invoke a different procedure for he moves the court to vacate and set aside the judgment and sentence " * * * as error coram nobis." Of course, "The motion filed by defendant is not to be determined by the name given it, but rather upon the facts alleged and the relief sought. If the facts alleged and the relief sought entitle him to consideration of his motion on its merits, then it is reasonable and just that it be so considered, despite nomenclature." State v. Eaton, Mo., 280 S.W.2d 63 at loc. cit. page 65 [1]; State v. Stodulski, Mo., 298 S.W. 2d 420 at loc. cit. page 422 [1, 2]. However, it is not necessary for a determination of this cause to consider whether the appellant seeks to proceed in error coram nobis or if his theory is a motion to vacate the sentence as provided by Rule 27.26 V.A.M.R. In any event, neither proceeding lies in the instant case.

 The appellant's motion cannot be considered a motion within the provisions of Rule 27.26, V.A.M.R., for the simple reason that the appellant was not in cus-

tody when the motion was filed, and that rule begins with the words "A prisoner in custody under sentence * * *." The appellant attacks a sentence which he had long since paid in full and been discharged from. In this respect the case is identical to State v. Stodulski, Mo., 298 S.W.2d 420 at loc. cit. page 422 [1, 2]. To allow the application of Rule 27.26, supra, to situations where the applicant is not in custody would not only violate the plain language of that rule but also the reason and purpose of it for it is well recognized that an attack on a judgment allowed under that rule is governed by the general principles applicable to habeas corpus proceedings. State v. Rutledge, Mo., 317 S.W.2d 365; State v. Shell, Mo., 299 S.W.2d 465, cert. den. Shell v. State, 353 U.S. 967, 77 S.Ct. 1052, 1 L.Ed.2d 916, cert. den. 356 U.S. 939, 78 S.Ct. 782, 2 L.Ed.2d 814.

 An attack upon a judgment after the sentence imposed thereunder has been completed must be by a motion in the nature of a writ of coram nobis, State v. Stodulski, supra; Rule 27.26, V.A.M.R. This procedure is not available to appellant in the instant cause for the reason that a writ of error or proceeding in the nature of coram nobis lies where some unknown fact, going to the right of the court to proceed, entirely defeats the power of the court to attain a valid result in the proceeding. If the facts alleged to support the writ are disclosed on the face of the record, the error, if there is any, is one of law and coram nobis will not lie. State v. Campbell, Mo., 307 S.W.2d 486, at loc. cit. page 489 [1, 2], cert. den. 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed.2d 718. In the instant case, the facts relied upon by the appellant, the charge and the plea, are apparent from the face of the record. Moreover, it has been specifically held that error coram nobis will not lie to set aside a conviction on the ground that the information does not support the verdict. State v. Smith, Mo., 324 S.W.2d 707.

The judgment of the trial court should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The motion to transfer to the Supreme Court is denied. The judgment is affirmed.

ANDERSON, P. J., RUDDY, J., and JOHN J. KELLY, Jr., Special Judge, concur.

WOLFE, J., not participating.