**KANSAS CITY, Missouri, Respondent,**

**v.**

**Carlton E. MILLER, Appellant.**

**No. 25393.**

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

Carlton E. Miller, in pro. per.

Aaron A. Wilson, City Counselor, Louis W. Benecke, City Pros., Walter J. O'Toole, Jr., Asst. City Pros., Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

On October 3, 1969, an information was filed in the Municipal Court of Kansas City, Missouri, charging defendant, Miller, with violation of Chapter 26, Sect. 26.35 of

the Revised Ordinances of Kansas City, Missouri, in that he did hinder and interfere with a Kansas City, Missouri police officer who was in the discharge of his official duties, by failing to give his name, address, reason for being in the area, and any other information. Upon trial in the Municipal Court defendant was found guilty and fined $25. He appealed to the Circuit Court. There a trial was had before the Court, a jury having been waived, and defendant was again convicted. He has perfected his appeal to this Court. At appellant's request, the trial court allowed him to prosecute the appeal as a poor person, and ordered that he be provided with a transcript of the trial proceedings without cost.

A motion to transfer this case to the Supreme Court has been filed. The motion was taken with the case. The ground assigned in the motion is that we are asked to construe the Constitution of the United States and of the State of Missouri. Constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure, the section of the Constitution claimed to have been violated must be specified, and the point must be preserved throughout the trial and in after trial motions. State v. Knight, Mo.App., 351 S.W.2d 802, 804; Stine v. Kansas City, Mo.App., 458 S.W.2d 601, 605. As shown by the transcript, no such question was raised in the trial court and no motion for new trial was filed. The motion to transfer is denied.

The only point raised by appellant's brief is his contention that under the Fifth Amendment of the United States Constitution, and Article I, Section 19 of the Missouri Constitution, V.A.M.S., he had a constitutionally protected right to remain silent when questioned by a police officer. What we have said above as to the Motion to Transfer disposes of this point adversely to appellant. The question attempted to be presented is not properly

before us for our decision. No other point or question or contention is presented by appellant's brief. Therefore, no error is shown and the judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.