MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Plaintiff-Respondent,

v.

Charles D. PEARSON,
Defendant-Appellant.

No. 13719.

Missouri Court of Appeals,
Southern District,
Division Three.

April 25, 1985.

Lawrence N. Koeln, Centerville, for defendant-appellant.

Bruce A. Ring, Michael J. Kuster, Jefferson City, for plaintiff-respondent.

MAUS, Judge.

On June 12, 1981, the defendant received a "Notice to Remove Outdoor Advertising" from the Missouri Highway and Transportation Commission (Commission). On February 10, 1982, the Commission filed a petition seeking an injunction restraining the defendant from preventing the employees of the Commission from removing the sign designated in that notice. Defendant appeals from a judgment granting that relief.

There was little controversy about the facts. The basic facts were established by the Commission's Request for Admissions, to which the defendant did not respond. The notice was on Form OAR–5. In general, it informed the defendant the sign was unlawful because of his failure to obtain or maintain a permit. The notice further stated the basis of unlawfulness could be corrected by the defendant filing an application for a permit within 30 days. It stated in unambiguous terms, "[f]ailure to take the remedial action to comply with Sections 226.500 to 226.600 RSMo within the specified time shall result in the sign being removed by the Missouri Highway and Transportation Commission."

By its decree, the trial court made the following findings and conclusions. · The defendant owned the sign in question and the property on which it was located. The sign was unlawful because the defendant failed to maintain a permit for the sign. The defendant received proper notice for removal of the sign as provided by § 226.-580. The defendant did not seek administrative review or judicial review of the Commission's determination of unlawfulness. The defendant does not by his three points on appeal question these findings and conclusions.

By his first point, the defendant contends the trial court erred in finding that he had not removed the sign which was the subject of the notice. He based this point upon his argument that the sign had been totally dismantled except for four posts. It was his testimony that after the notice, "the wooden timbers were all removed and burned and the sign panels were removed, it's a standard sign panel and I have two sets. They were removed and taken and sandblasted and repainted and were put back up." He did not reattach the trim panels. Before reinstalling the sign panels, he replaced four of eight support posts.

The complete or substantial replacement of a sign may be a significant factor in regard to some aspects of regulation. Compare *Dept. of Transp. v. Keller Development Corp.*, 122 Ill.App.3d 1038, 78 Ill. Dec. 413, 462 N.E.2d 532 (1984); *State ex rel. Nat'l Adver. Co. v. State Highway Commission*, 624 S.W.2d 453 (Mo.App. 1981). Such is not a factor in this case. First, the sign was repaired, but not substantially or totally replaced. Second, the requirement of a permit basically stems from the location of the sign. 7 C.S.R. 10–6.070.5(A)2. That requirement cannot be evaded by the removal and subsequent replacement of substantially the same sign in the same location.

The defendant's second point is premised upon the proposition that if application had been made, the permit would have been issued. He argues the Commission has taken a frivolous position in forcing him to remove the sign when, after a permit is granted, it can be rebuilt. This point fails for two reasons. First, there is no certainty a permit will be issued. Second, the defendant understood he had 30 days after the receipt of the notice to apply for the permit. But, as he said, "At the time this was sent you people [the Commission] were so uncooperative I was uncooperative." The defendant may not evade the requirement of a permit by his willful refusal to comply with the notice. Compare *Osage Outdoor Adv. v. Mo. Hwy. & Transp.*, 677 S.W.2d 389 (Mo.App.1984); *Drury Development v. State Hwy. Com'n*, 637 S.W.2d 354 (Mo.App.1982), in which signs were erected without a permit.

Defendant's third point is that the trial court erred because no permit would have been required if the sign had been used as an "on premises sign." He cited § 226.-520(2); 7 C.S.R. 10–6.030; 7 C.S.R. 10–6.-015(15). That argument is self-defeating. The sign was not so used.

Further, the defendant declared to an employee of the Commission, "if anyone touched the sign you had better be able to hug the ground because a shotgun was within easy reach." The propriety of the trial court's action was clearly established by that declaration. *City of St. Louis v. Friedman*, 358 Mo. 681, 216 S.W.2d 475 (1948); 42 Am.Jur.2d Injunctions § 160 (1969). The judgment is affirmed.

CROW, P.J., PREWITT, C.J., and TITUS and FLANIGAN, JJ. concur.