**STATE ex rel. NATIONAL ADVERTISING COMPANY, Relator-Appellant,**

**v.**

**STATE HIGHWAY COMMISSION of the State of Missouri, Respondent-Respondent.**

No. WD 31292.

Missouri Court of Appeals, Western District.

Feb. 2, 1981.

W. R. England, III, Jefferson City, for relator-appellant.

Bruce A. Ring, Curtis F. Thompson, Jefferson City, for respondent-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Appellant National Advertising Company appeals from the judgment of the circuit court which affirmed the order of respondent State Highway Commission directing removal without compensation of an outdoor advertising billboard owned by appellant.

Appellant contends on this appeal that the commission erred (1) in directing removal of the sign, concededly erected before January 1, 1968, rather than limiting its order to removal of attachments added subsequent to March 30, 1972, and (2) by foreclosing appellant's opportunity to apply for a permit after the administrative review procedure initiated by appellant had been completed.

The sign in question is located in Jasper County and is within 660 feet of the right-of-way of Interstate Highway 44. No commercial or industrial activity is nearby, Jasper County is not comprehensively zoned and the sign is therefore a structure which would otherwise be prohibited under § 226.-520 [1]. One exception to the regulatory provisions of § 226.520 is made under § 226.-550.2(1) for signs erected before January 1, 1968. Such signs are denominated structures lawfully in existence but are, nonetheless, subject to the requirement that

they may continue to be maintained only upon securing a permit.

Section 226.580.3 requires that notice be given if a sign is lawfully in existence under § 226.550.2(1) but is without a permit. The owner thereafter has thirty days in which to apply for permit. If no application is filed, the sign is subject to removal by the commission without compensation to the owner and at the owner's expense. Section 226.580.4.

On February 7, 1978, respondent sent a notice to appellant advising that the sign in question was unlawful because it had an excess of attachments. This latter reference was to a series of five additional boards fastened to but below the principal sign and used to advertise charge cards and the price of gasoline. The principal sign had been erected before January 1, 1968 but the attachments were added sometime after March 30, 1972. The notice required that the attachments be removed within thirty days to remedy the illegality of the sign.

The notice of February 7, 1978 also served to advise appellant that the pre-January 1, 1968 sign would require a permit if the exception of § 226.550.2(1) were to be utilized and that application for the permit should be made within thirty days. Because the attachments added to the sign after March 30, 1972 were not subject to the "grandfather" provision applicable to the principal board, it may be assumed that a permit would issue only after removal of the offending attachments. Thus, remedial action by appellant to bring the sign within compliance required removal of the attachments and the filing of an application for a permit, all within thirty days of February 10, 1978, the date appellant received the notice.

Appellant did not remove the attachments and made no application for a sign permit, but did within thirty days request administrative review of the directives to remove the attachments and obtain a permit. The owner of a sign structure or the land on which it is located has that option

under § 226.580.3 as an alternative to compliance with the order. The record does not contain a copy of the request appellant filed, but the tenor of appellant's argument here would indicate that appellant disputed the authority of the commission to require removal of the sign attachments. Whether appellant also contested the requirement for a permit, or merely assumed that no permit would issue so long as the attachments allegedly rendered the sign illegal, does not appear.

The hearing before the commission was conducted September 5, 1978 and produced no issues of fact. It did appear, however, that appellant had removed the sign attachments May 2, 1978, long after the required period of thirty days had passed. The commission's findings after the hearing confirmed the previous notice given appellant and ordered removal of the sign within thirty days. No application for a permit was made either before or after the commission hearing.

■ Appellant first argues that the commission exceeded its authority in directing removal of the principal sign. This contention is premised on the assumption that the sign and the attachments were divisible entities and since only the attachments as post-March 30, 1972 additions are subject to the control imposed, the maximum penalty would have been an order for removal of the attachments. Because the attachments had been voluntarily removed before the hearing, appellant concludes that the case was actually moot by September 5, 1978.

The removal of the attachments was ordered on the initial sign inspection because they patently violated § 226.540(2)(b) limiting a sign to two displays for each facing. Appellant made no argument before the commission and offers none here to contest the finding that the attachments were unlawful under the statutes regulating these displays erected after March 30, 1972. In fact, appellant appears to have conceded the propriety of the order as to the attachments, but gives no explanation of why a hearing was requested on this account and why the attachments were not removed for some ninety days after notice.

The issue of the attachments is in fact irrelevant to disposition of the case. In its first point, appellant assumes that the order for removal of the principal sign depended on the offense which maintenance of the attachments produced. Such is not the case. Even after the attachments had been removed, albeit tardily, the sign was still illegal and subject to termination because no permit had been obtained.

■ Appellant complains that if no application for a permit is made within the thirty days allowed but an action for review is pursued to test an owner's right to maintain the sign, the review procedure is meaningless if the limitation period for permit applications is not tolled while the review pends. Apparently appellant would now seek to apply for a permit to maintain the subject sign although the record discloses no attempt to file such an application.

The argument is specious. Were appellant to have contested the commission's refusal to issue a permit because of the offending attachments, appellant would be entitled to contend that upon removal of the attachments, its permit application should be processed. Here, however, appellant chose not to apply for the permit and thus rested its case, not on the attachments, but on the issue of whether it was obligated to obtain a permit. That issue was resolved in favor of the commission and under the plain language of § 226.580.4, the commission is entitled to remove the sign.

The decision of the State Highway Commission is affirmed.

All concur.