Bruce A. Ring, Dennis J. Redel, Jefferson City, for defendant-appellant.

Alex Bartlett, John S. Pletz, Bartlett, Venters, Pletz & Toppins, Jefferson City, for plaintiff-respondent.

**OSAGE OUTDOOR ADVERTISING, INC., Plaintiff-Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant-Appellant.**

**No. 13360.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 1984.

Motion for Rehearing or Transfer
Denied Sept. 19, 1984.

MAUS, Presiding Judge.

This is an appeal by the Missouri Highway and Transportation Commission from a judgment of the Circuit Court of Camden County reversing an order of the Commission requiring removal of a highway sign of Osage Outdoor Advertising, Inc. On May 22, 1978, respondent filed an application for a permit to erect and maintain outdoor advertising. The proposed site was and still is a prohibited location unless an electrical substation is "generally recognized as commercial or industrial by zoning authorities in this state" within the meaning of § 226.540. The permit was denied by the Commission on July 11, 1978. In October, 1978, respondent erected the sign despite the permit denial. The sign has since been maintained without permit. On November 20, 1978, a Notice to Remove Outdoor Advertising was issued to respondent. The notice stated that the sign was unlawful and required its removal as provided in § 226.580. Upon administrative review, the Commission held the notice was properly issued.

Upon judicial review, the trial court held that the Commission erroneously construed § 226.540 in determining an electrical substation was not generally recognized as a commercial and industrial location within the meaning of that statute. It reversed the Commission's final decision and order. The trial court made no determination con-

cerning the lack of permit. On appeal of an agency decision in a contested case, this court reviews the findings and decisions of the agency, not the judgment of the trial court. If supported by competent and substantial evidence, the decision of the agency will be upheld. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183 (Mo. banc 1982); *Watkins v. State Bd. of Reg. For Healing Arts*, 651 S.W.2d 582 (Mo. App.1983).

■ Missouri Revised Statute § 226.580.-1(2) prohibits the maintenance of signs for which no permit has been obtained pursuant to §§ 226.500 to 226.600. The applicant is not permitted to resort to self-help by erecting the sign without a permit even if he believes the Commission has refused to issue a permit without proper cause. *Drury Development v. State Hwy. Com'n*, 637 S.W.2d 354 (Mo.App.1982). In *Drury,* the applicant erected a sign after application for a permit but before the Commission acted on the application. "If, as here, it is conceded the offending sign was erected without a permit, the order for removal must be affirmed, whatever the reason may have been for the failure or refusal to grant the permit." *Drury Development v. State Hwy. Com'n*, supra, at 355. To the same effect is *State ex rel. Nat. Adv. v. State Hwy. Com'n*, 612 S.W.2d 51 (Mo. App.1981).

■ Whether or not the location of the sign was later found to be lawful, a question not decided here, the sign was unlawful when erected. Allowing the sign to remain pending determination of the lawfulness of the location would be to condone willful violation of the statute. It would countenance the commission of a misdemeanor. § 226.600. The means of redress for respondent Osage Outdoor Advertising, Inc. are to comply with the order of removal and reapply for a permit. *Drury Development v. State Hwy. Com'n*, supra.

The judgment of the circuit court is vacated. The order of the Commission directing removal is reinstated.

HOGAN and PREWITT, JJ., concur.