Francis HULSHOF, Respondent,

v.

## MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Appellant.

### No. 69072.

Supreme Court of Missouri, En Banc.

Oct. 13, 1987.

Judy L. Curran, Asst. Counsel, Missouri Highway and Transp. Com'n, Springfield, for appellant.

Charles C. Hatley, New Madrid, for respondent.

RENDLEN, Judge.

The Missouri Highway and Transportation Commission (Commission) appeals from a judgment reversing its order directing Francis Hulshof (Hulshof) to remove a roadside sign. We reverse and remand.

Hulshof was the owner of a billboard lawfully erected in September 1967 within 660 feet of the right-of-way of Interstate Highway 55 in New Madrid County. Though the sign did not conform with amendments to the billboard law adopted in 1972,[1] Hulshof obtained a permit in 1978 to maintain the billboard as a "nonconforming sign" under Sec. 226.550.2, RSMo 1986. Hulshof renewed the permit in 1980 and 1982 and paid all required biennial inspection fees; however, in 1983 a party to whom Hulshof had leased the sign increased its size from 128 square feet to 240 square feet, allegedly without Hulshof's knowledge.

Thereafter the Commission served Hulshof a "Notice to Terminate Nonconforming Sign," citing 7 CSR 10–6.060(3)(C). Hulshof requested administrative review of that determination, and the case was submitted to the Commission on stipulation. The Commission issued its order commanding Hulshof to remove the sign within thirty days. Hulshof then petitioned the Circuit Court for review and the court after hearing entered judgment reversing the Commission's order and remanded the cause to the Commission with directions to issue a permit for the sign if Hulshof "reduces the size of the sign to its original

---

1. The sign was not among those permitted to be erected or maintained within 660 feet of the highway right-of-way under Sec. 226.520, RSMo, as amended in 1972.

dimensions within 90 days from the date of this Order." The Court of Appeals, Southern District, shortened the period for compliance from 90 to thirty days but otherwise affirmed the judgment of the Circuit Court judgment as modified. Transfer was granted and the cause is determined here as though on original appeal. Mo. Const. art. V, Sec. 10.

On appeal of the Commission's decision in this contested case, the Court reviews the agency's findings and decision, not the judgment of the trial court, *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184–85 (Mo. banc 1982); *Osage Outdoor Advertising, Inc. v. Missouri Highway and Transportation Commission*, 677 S.W.2d 389, 390 (Mo.App.1984), and we determine whether the Commission's findings were supported by competent and substantial evidence on the record as a whole. *Fleming*, 634 S.W.2d at 185; *Osage Outdoor Advertising*, 677 S.W.2d at 390.[2] Guided by these precepts we examine the issues presented here.

▉▉▉ Signs which are lawfully erected but fail to conform to the requirements of statutes enacted at a later date may be maintained as nonconforming signs, 7 CSR 10–6.015(14); 7 CSR 10–6.060(2)(3); 23 CFR 750.707(b), (d) (1987), and apparently Hulshof's sign was lawfully maintained as a nonconforming sign until 1983. However, as provided in the Code of Federal Regulations, "[i]n order to maintain and continue a nonconforming sign, ... [t]he sign must remain substantially the same as it was on the effective date of the State law or regulations.... Each State shall develop its own criteria to determine when ... a substantial change has occurred which would terminate nonconforming rights." 23 CFR 750.707(d)5. Pursuant to that directive, Missouri has implemented 7 CSR 10.6.-060(3), which provides in pertinent part:

violation of any ... of the following subsections ... disqualifies any sign from being maintained as a nonconforming sign and subjects it to removal by the ... Commission ...

(C) Size. The size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign.

Because the size of Hulshof's sign was almost doubled in 1983 this regulation authorized the Commission to terminate the billboard's status as a nonconforming sign and order its removal.[3]

Hulshof, citing *Boyce Industries, Inc. v. Missouri Highway and Transportation Commission*, 693 S.W.2d 293 (Mo.App. 1985), argues that the Commission's order unreasonably denied his request to reduce the size of the sign. *Boyce* involved a nonconforming sign which was damaged during a storm and inadvertently enlarged when the repair crew replaced the damaged sign panels with "the standard size and number used for most of plaintiff's signs." Within 30 days after the owner received notice to remove the sign, it reduced the sign to its original size; however, the Commission declined to rescind its notice to terminate. The court in *Boyce* recognized the validity of 7 CSR 10–6.060(3), but held that *"[u]nder the facts and circumstances of this case,* (emphasis added) ... *application* (emphasis in original) of 7 CSR 10–6.-060(3) ... is unreasonable, arbitrary, and capricious." *Id.* at 295. *Boyce* was, by its language and reasoning, limited to the circumstances of that case, and in its opinion the Western District sought to distinguish previous decisions affirming removal orders, observing that "[n]one of the foregoing representative cases have any fact of *correction of an inadvertent error in replacement* of a sign as to size." 693 S.W.2d at 295 (emphasis added). In the case *sub judice* Hulshof did not correct the violation, pursuing instead administrative

2. We note that Hulshof chose to seek administrative review of the Commission's order rather than exercise other options provided by Sec. 226.580.3, RSMo 1986.

3. Signs may be removed without compensation under the authority of 7 CSR 10–6.060(3)(C)

even if they do not come specifically within the removal provisions of Sec. 226.580. *Osage Outdoor Advertising, Inc. v. State Highway Commission of Missouri,* 687 S.W.2d 566, 568 (Mo.App. 1984).

and judicial review of the removal order; nor can it be said that the enlargement of the sign in this case was truly "inadvertent" because it was the result of a deliberate choice by the lessee of the sign, not a mistake made by a repair crew. *Boyce* is, therefore, inapplicable and must not be construed as authority for the proposition that sign owners may avoid the consequences of violating billboard regulations by claiming ignorance of the infraction, nor is it to be considered controlling except within the "facts and circumstances of [that] case."

We note that compliance with the provisions of 7 CSR 10–6.060(3) is demanded by federal law and is crucial to federal highway funding in Missouri, in that 23 U.S.C. 131(b)(1982) provides for the reduction of federal highway funds if a state does not provide for effective control of billboards within 660 feet of the nearest edge of a right-of-way on an interstate highway. As provided in the Code of Federal Regulations, "effective control" means that illegal signs, defined as those "erected or maintained in violation of State law [including regulations]," 23 CFR 750.703(e), (j), must be removed expeditiously. 23 CFR 750.-705(d). Since Hulshof's sign was maintained in violation of 7 CSR 10–6.060(3)(C), removal of the sign is mandated by 23 CFR 750.705(d). *See Boyce Industries, Inc. v. Missouri Highway and Transportation Commission,* 670 S.W.2d 147, 151 (Mo.App. 1984). The same result is also required by Sec. 226.150, RSMo 1986, which directs the Commission to comply with rules or conditions made by any branch of the federal government in order to secure funds allotted by the federal government for highway construction.

■ Upon review of the record in this case and the applicable law, we conclude that the Commission's decision was supported by competent and substantial evidence, was not arbitrary or unreasonable, and did not constitute an abuse of discretion.

The judgment of the Circuit Court is reversed, and the cause is remanded for entry of judgment affirming the order of the Commission.

All concur.