**Pauline ROBERTS, d/b/a Wagon Wheel Motel,**
**Plaintiff–Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, a/k/a State Highway and Transportation Commission, Defendant-Appellant.**

No. 14986.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 18, 1987.

Motion for Rehearing or Transfer
to Supreme Court Denied Dec. 8, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Donald A. Hale, Steelville, for plaintiff-respondent.

Rich Tiemeyer, Jefferson City, Judy L. Curran, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

The Missouri Highway and Transportation Commission (Commission) appeals from the trial court's judgment reversing the Commission's final decision and order which directed Pauline Roberts, d/b/a Wagon Wheel Motel, to remove an outdoor sign which is located within 660 feet of the right-of-way of Route I–44 in Crawford County, Missouri. We affirm.

The facts in the case are not in dispute. Mrs. Roberts, a 72 year-old widow, operates an 18–unit motel called the Wagon Wheel which is located adjacent to old Highway 66 at Cuba, Missouri. In 1964, after Highway 66 and the motel area were bypassed by the construction of I–44, Mrs. Roberts' husband, Wayne, sought and obtained the Commission's permission to erect an advertising sign adjacent to I–44 in Crawford County. The sign was located within 660 feet of the right-of-way of I–44, and was not located within the limits of a municipality or any comprehensive zoned area. The sign was 10 by 10 feet, and contained the following wording: "Wagon Wheel Motel—Take Cuba Exit—Turn Right —Off Interstate Rates—Cable TV." Mr. and Mrs. Roberts relied on the sign to attract customers to the motel. Mr. Roberts died in 1980. He had handled the business affairs of the motel up to that time.

In the early part of 1984, Mrs. Roberts decided to add information to the sign. She contacted a sign painter, and requested that he add "Double, $16.00," "MasterCharge," and "VISA" to the existing wording on the sign. The painter, without notice to Mrs. Roberts, painted the wording on two small boards rather than on the sign itself, and affixed them to the posts holding the sign. There is nothing in the record to indicate who, if anyone, measured the height of the add-on boards. The Commission contends they were two feet in height which, by its reckoning, increased the dimensions of the sign from 10 by 10 feet to 12 by 10 feet.

Eual Heacox, while performing his duties as area permit inspector for the Commission, noticed the addition of the boards to the sign, and caused a "Notice to Terminate Nonconforming Sign" to be sent to

Mrs. Roberts. The notice, dated May 10, 1984, advised Mrs. Roberts that the sign had lost its nonconforming status and demanded that she remove it because "[t]he size of the sign has been changed as prohibited by 7 CSR 10–6.060(3)(C)." Upon receipt of the notice and learning that the addition of the boards had caused the problem, Mrs. Roberts contacted the sign painter and told him to remove the offending boards. He immediately complied. The Commission, in spite of knowledge of this event, refused to retreat from its original position of demanding complete sign removal.

Mrs. Roberts timely sought administrative review. A hearing was held before a hearing examiner, at which time the foregoing evidentiary facts were adduced. A final decision and order of the Commission was entered on June 11, 1985, which, in essence, held that the addition of the boards constituted a violation of the Commission's administrative rules regarding maintenance of nonconforming signs, and ordered removal of the sign.

Mrs. Roberts petitioned for review in the circuit court of Crawford County. After considering the entire record, the trial court found that the Commission's final order of removal was unreasonable, arbitrary, and capricious, reversed the Commission's final order, and enjoined it from causing or directing the removal of Mrs. Roberts' sign for the reasons stated in the order of removal. This appeal followed.

On appeal, we review the findings and decision of the Commission in an effort to determine whether those findings and such decision are supported by competent and substantial evidence on the record as a whole. *Osage Outdoor Adv. v. Mo. Hwy. & Transp.*, 677 S.W.2d 389, 390 (Mo.App. 1984).

In its only point relied on here, the Commission contends that because the size of Mrs. Roberts' sign was increased in violation of Commission sizing regulations, the order of removal was reasonable, and "clearly authorized by state and federal regulations as well as established case law." The Commission seems to be asserting that if any aspect of an approved nonconforming advertising sign is altered, without the owner's knowledge or consent and the owner, as soon as he becomes aware of such deviation from proscribed regulations, orders removal of the offending material, the law requires removal of the sign, to the obvious detriment and possible destruction of the sign owner's business. We decline to accept such assertion as the law.

The "Highway Beautification Act of 1965" (23 U.S.C.A. § 131, et seq.) was enacted requiring states to effectively regulate advertising structures within 660 feet of any interstate or primary highway right-of-way or be penalized 10 percent of their federal highway appropriation. In the same year, the Missouri legislature enacted §§ 226.500 to 226.600 to meet our state's obligations under the federal act. These statutes, with later amendments, set standards for sizing, spacing, lighting and location, as well as establishing a permit system, and contain provisions for removal if the signs are erected or maintained in violation of law.

The federal and state governments recognized that many advertising billboards erected before the effective date of the applicable federal and state statutes and administrative rules in question did not comply with sizing and other standards set out in the new laws and rules. In order to provide continued legitimacy of such signs, under proper safeguards in keeping with the purpose of the federal act, the Federal Highway Administration issued rules to assure effective state control of the continuation, use and maintenance of "nonconforming signs," such as the one owned by Mrs. Roberts, by providing, in 23 CFR 750.-707(d)(5), "The sign must remain *substantially* the same as it was on the effective date of the State law or regulations. Reasonable repair and maintenance of the sign, including a change of advertising message, is not a change which would terminate nonconforming rights. Each State shall develop its own criteria to determine when customary maintenance ceases and a *substantial* change has occurred which would

terminate nonconforming rights." (Emphasis ours.) It is easily seen that the framers of the federal rule intended that a *substantial* change in the character of the sign must occur before a termination notice should be triggered.

Subsequent to the promulgation of the federal rule, the Commission enacted, among other administrative rules, Rule 7 CSR 10–6.060(3), providing for the maintenance and repair of nonconforming signs. The rule states that reasonable maintenance and repair of nonconforming signs is permissible, but that violations of certain subsections of the rule disqualifies the signs from being maintained as nonconforming, and subjects them to the penalty of removal.

Subsection (C) of that regulation provides: "Size. The size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign." It is the Commission's position that violation of this subsection subjects Mrs. Roberts to the penalty of removal.

■ The protection afforded to a nonconforming use billboard is not absolute and is subject to limitations as to the extension of the use, both in a functional and a temporal sense. *Boyce Industries v. Mo. Hy. and Transp. Com'n*, 670 S.W.2d 147, 150 (Mo. App.1984) (Boyce I). However, we know of no Missouri case, nor has one been provided us by the Commission, which holds that when a technical rule violation, such as we have here, occurs, without the knowledge or consent of the owner and is promptly corrected by the owner upon notification, the drastic remedy of ordered removal is justified.

■ The facts in this case are almost identical to those shown in *Boyce Industries v. Mo. Hwy. & Transp.*, 693 S.W.2d 293 (Mo.App.1985) (Boyce II). In that case, Boyce owned a number of advertising billboards placed adjacent to various Missouri highways. The majority of these signs were 10 by 24 feet, while only three were 8 by 24 feet. One of the 8 × 24 feet signs placed adjacent to Route I–44 in Pulaski County was a nonconforming sign as it did not conform to the requirements of the Missouri 1972 Billboard Law, but had been lawfully erected prior to that time. The facing of the sign was blown off during a storm. After the storm, a repair crew inadvertently replaced the damaged panels with the standard size and number of panels used for most of the signs owned by Boyce. The overall dimensions of the repaired sign were now 10 by 24 feet instead of its former 8 by 24 feet. Within 30 days after the Commission instructed Boyce to remove the sign because of the change in size, Boyce had its repair crew remove a strip 2 feet wide from the bottom of the sign which reduced it to its prior size of 8 by 24 feet. Boyce notified the Commission of the correction in the sign facing. The Commission refused to rescind its notice ordering Boyce to remove the sign. The appellate court held that under the facts of the case, the application by the Commission of 7 CSR 10–6.060(3) was unreasonable, arbitrary, and capricious.[1]

In its brief here, the Commission acknowledges the holding of *Boyce II*, but calls it an "aberration of the law" that should not be followed, with no satisfactory explanation as to why not. The Commission also asserts that our failure to uphold their order would "place federal funds in jeopardy." Its reason for this pronouncement is that such action on our part would be "contrary to the express intent of our legislature that the Commission do everything necessary to comply with federal law in order to obtain federal funding...." That statement is simply not so.

The federal administrative rule in question, 23 CFR 750.707(d)(5), requires only that the nonconforming sign remain *substantially* the same as it was on the effective date of state law or regulation, and

1. Recently, our Supreme Court, in *Hulshof v. Mo. Hwy and Transp. Comm.*, 737 S.W.2d 726 (Mo.1987), had the opportunity to overrule *Boyce II*, but declined to do so, stating, in substance, that prompt correction of an inadvertent error made by employees of Boyce when repairing a sign, which resulted in a slight increase in the sign's dimensions, was no grounds for a removal order.

that each state shall develop its own criteria to determine when a *substantial* change has occurred. This language certainly does not support an interpretation that *any* change, no matter how slight, in the dimensions of a sign, which change occurs without the knowledge or consent of the owner, justifies an order of removal.

Our general assembly has noted in § 226.520(5) that the tourism industry is of major and critical importance to the economic well-being of our state, and that the ordered removal of directional signs advertising tourist-related businesses would be detrimental to those businesses. In the face of this plain declaration of legislative intent the Commission argues that the legislature in § 226.530 gave it the right to enact regulations "to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising," and since it has done so, the removal order was justified because of noncompliance with the regulation in question. The Commission seems to forget that the legislature in § 226.530 only gave it the power to promulgate rules of "minimal necessity and consistent with customary use." This language does not give the Commission the power to enact any regulation they wish, no matter how immaterial it might be to achieve the purpose of compliance with federal directives, or to interpret a valid regulation in such a way as to produce absurd results, as was the case here.

Law should reflect common sense. The Commission's position in this case does not. We need not let our fear of losing so-called federal dollars override a basic sense of fair play and good judgment. Mrs. Roberts did nothing wrong in this case. Her sign painter, without her knowledge and consent, made an honest minor mistake in attaching the boards to the sign thus slightly increasing the sign's dimensions. The error was corrected immediately after notice of the technical violation was given. She should not be penalized for the inadvertent actions of her sign painter.

The decision and final order of the Commission ordering Mrs. Roberts to remove the sign in question is not supported by substantial evidence, and is unreasonable, arbitrary, and capricious. The circuit court judgment setting aside the Commission's final decision and order, and enjoining the Commission from causing or directing the removal of Mrs. Roberts' sign for the reasons stated in the removal order is affirmed.

CROW, C.J., and HOLSTEIN, J., concur.