Josephine O'BRIEN, Joseph Cary O'Brien, Glen Perry O'Brien and Poplar Bluff Professional Beauty Academy, Plaintiffs–Appellants,

v.

STATE BOARD OF COSMETOLOGY, Defendant–Respondent.

No. 16310.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 14, 1989.

Samuel P. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for plaintiffs-appellants.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

On September 21, 1987, following an evidentiary hearing, the State Board of Cosmetology ("the Board") entered an order placing on probation for a period of five years the respective cosmetology licenses of Josephine O'Brien ("Josephine") and her two sons, Joseph Cary O'Brien ("Cary") and Glen Perry O'Brien ("Glen"). The order imposed certain conditions governing the probation. In the same order the Board suspended for a period of one year the cosmetology school license of Poplar Bluff Professional Beauty Academy ("the Academy"), held in the name of Josephine. The order further provided that upon termination of the suspension, the school license was placed on probation for a period of five years subject to certain conditions.

Prior to the hearing before the Board, an evidentiary hearing had been held before the Administrative Hearing Commission ("the Commission"), pursuant to a complaint filed by the Board against Josephine, Cary, Glen, and the Academy. The Commission found that the respective licenses were subject to disciplinary action and ordered that the records of the proceeding before the Commission be certified to the Board for further disciplinary action.

Pursuant to § 536.110,[1] Josephine, Cary, Glen, and the Academy, as plaintiffs, filed in the Circuit Court of Butler County a petition for review of the Board's order. The court entered its judgment affirming the Board's order. Plaintiffs appeal.

Plaintiffs' sole point is that the Board abused its discretion by imposing the sanctions, and the trial court erred in ruling otherwise, in that "the disciplinary action taken by the Board was far disproportionate to the facts as found by the Commission. Furthermore, the punishment imposed by the Board was arbitrary, capricious, and unreasonable."

"Judicial review of administrative factual determinations is limited to whether the decision was supported by substantial and competent evidence, to whether the decision was arbitrary, capricious, or unreasonable, or to whether the agency action constituted an abuse of its discretion.... The evidence is to be viewed in a light most favorable to the agency decision.... If the evidence supports either of two contrary conclusions, the agency decision must prevail.... When an agency sits as an administrative tribunal, determination of the credibility of the

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

witnesses is an agency function.... The reviewing court may not substitute its own judgment and the court may not set aside the administrative decision unless clearly contrary to the overwhelming weight of the evidence."

*Gamble v. Hoffman*, 732 S.W.2d 890, 892[1] (Mo. banc 1987).

For purposes of review, the action of the Commission and the order of the Board are treated as one decision. § 621.145. The order of the Board is subject to judicial review under the provisions of § 536.100 to § 536.140. See § 621.145. On this appeal the inquiry may extend to a determination of whether the action of the Board is arbitrary, capricious, or unreasonable, § 536.140.2(6) or involves an abuse of discretion, § 536.140.2(7). This court reviews the findings and decision of the Board, not the judgment of the Circuit Court. *Hulshof v. Mo. Highway & Transp. Com'n*, 737 S.W.2d 726, 727 (Mo. banc 1987).

Chapter 329 V.A.M.S. deals with the registration of cosmetologists, hairdressers and schools of cosmetology and hairdressing. The Board, established under § 329.180, has "control, supervision, and enforcement of the terms and provisions" of Chapter 329. § 329.180. To engage in the occupation of cosmetology or hairdressing, a person must obtain a certificate of registration. § 329.030. An "operator" is a person not an apprentice who engages in and follows any of the practices of the classified occupations, including cosmetology and hairdressing, named in Chapter 329. § 329.010(4). A school of cosmetology or hairdressing may not operate within this state without obtaining a certificate of registration as such a school. § 329.040.2.

Various acts constituting hairdressing or cosmetology are set forth in § 329.020(1). The cutting of hair is one of the acts constituting hairdressing. § 329.020(1). Any person teaching hairdressing or cosmetology "shall be registered as an instructor or as an instructor trainee." § 329.080.1. "An instructor is one who holds a current Missouri instructor license. An instructor trainee is one who has passed the practical examination and holds a temporary permit for training as an instructor in a Missouri registered cosmetology school." Id.

Section 329.140.2 sets forth various acts of misconduct by a holder of a license or certificate of registration which constitute grounds for disciplinary action. Among those grounds are "violation of, or assisting or enabling any person to violate, any provision of this chapter, or of any lawful rule or regulation adopted pursuant to this chapter," § 329.140.2(6), and "assisting or enabling any person to practice or offer to practice any profession licensed or regulated by this chapter who is not registered and currently eligible to practice under this chapter." § 329.140.2(10).

The Board may cause a complaint charging misconduct to be filed with the Commission "as provided by chapter 621 RSMo." § 329.140.2. Upon a finding in any cause charged by the complaint for which the license may be suspended or revoked as provided in the statutes and regulations relating to the profession or vocation of the licensee, the Commission shall deliver to the Board the record and transcript of the proceedings before the Commission, together with the Commission's findings of fact and conclusions of law. § 621.110. The Commission may make recommendations as to appropriate disciplinary action, but such recommendations are not binding on the Board. Id. Unless a hearing is waived, the Board shall set the matter for hearing, at which evidence may be received. After such hearing, the Board may order any disciplinary measure it deems appropriate and which is authorized by law. Id.

Upon a finding by the Commission, in a complaint proceeding, that grounds for disciplinary action exist, the Board may, among other things, place the person named in the complaint on probation on such terms and conditions as the Board deems appropriate for a period not to exceed five years, or may suspend the license or certificate for a period not to exceed three years. Such disciplinary actions may be taken "singly or in combination." § 329.140.3.

The brief of plaintiffs-appellants states that they "fully accept the findings of fact" of the Commission. The following statement of facts is based primarily on the Commission's findings.

■ In 1965 Josephine was issued a certificate of registration as an operator and in 1980 similar certificates were issued to Cary and Glen. In 1983 the Academy was issued a certificate of registration as a school of cosmetology. At all material times in the instant proceeding, each of those certificates was current.

Josephine, Cary, and Glen have never been licensed as instructors under Chapter 329, and they are not instructor trainees. David O'Brien, Josephine's husband, was manager of the Academy during 1983, and he has never been licensed under Chapter 329. The Academy conducted both day and night programs and employed two licensed instructors, Maxine King and Kathleen Mayberry. During 1983, the period charged in the complaint, Josephine, Cary, and Glen taught the students of the Academy various techniques of cutting hair. Josephine used individuals or a mannequin to illustrate the techniques, and occasionally she would diagram a haircut on a blackboard. Josephine was aware of the involvement of Cary and Glen in the training program.

Cary, who was an operator in a beauty shop in Poplar Bluff, went to the Academy and taught the students the technique of the wedge haircut. "The students gathered around while Cary demonstrated the wedge haircut by explaining each step as he cut a patron's hair."

Glen, who also worked at a beauty shop in Poplar Bluff, went to the Academy less frequently than Josephine, but "fairly consistently." He taught the students techniques concerning haircuts and for that purpose demonstrated the techniques on individuals or used the mannequin or a blackboard.

The Commission found that Josephine, Cary, and Glen violated § 329.080.1 by teaching without a Missouri instructor license and for such violation were subject to disciplinary action under § 329.140.2(6).

The Commission also found, however, that the violations of Cary and Glen "were unintentional and based upon a mistaken judgment as to requirements of law," and recommended probation. With regard to Josephine, the Commission found "that her violations, for which discipline of her personal operator's license should apply, were unintentional and mistaken," and recommended probation.

The Board placed the respective licenses of Josephine, Cary, and Glen on probation for a period of five years, subject to the following terms and conditions: Each may practice as cosmetologists in Missouri during the probation, subject to the following restrictions: Each shall keep the Board apprised at all times in writing of his or her current home and work addresses and telephone numbers at each place of employment; each shall pay the Board in a timely fashion all the fees required by law to renew and keep current his or her cosmetology license; and each shall comply with all provisions of Chapter 329 RSMo and with all federal and state criminal laws.

This court holds that the order of the Board with respect to the licenses of Josephine, Cary, and Glen was not arbitrary, capricious or unreasonable and did not involve an abuse of discretion. Plaintiffs' point, with respect to those three licenses and the Board's order concerning same, has no merit.

■ The Academy operated as a school of cosmetology under a certificate of registration issued on March 3, 1983, to Josephine as the registered owner of the Academy. Under a regulation of the Board, 4 CSR 90–2.010(5)(D), it was the responsibility of the Academy, upon the termination of training by any of its students, to submit to the Board a properly completed termination form for such student. On July 11, 1983, that regulation was amended to require the form to be submitted within two weeks after the termination of training of any student. The complaint charged that the Academy, with respect to students Brenda Dale and Jody Phillips, violated the regulation by failing to submit to the Board a

termination form within a reasonable time after the termination of their training.

Brenda and Jody terminated their training on July 5, 1983, but the Academy did not send in the termination forms until October 11, 1983. The two students, who were unable to obtain government grants to finance their training at the Academy, wanted to change to another school of cosmetology where such grants were available. Each of them, on July 5, 1983, asked the Academy to send in the termination forms, but David O'Brien, the manager, refused to do so until they paid the Academy the balance of tuition allegedly owing. This caused a delay of several months in their enrollment in the other school.

There was evidence that Josephine and David O'Brien told students that the two licensed instructors "did not know what they were doing" with respect to haircuts and that they should not listen to the licensed instructors. There was evidence that David said the licensed instructors "were just there for state board reasons."

The Commission found that Josephine, as owner of the Academy and its agent, "assisted and enabled herself [and Cary and Glen] to practice as instructors contrary to law." The Commission also found that David O'Brien, as manager of the Academy, was guilty of misconduct. David, although unlicensed, taught students at the Academy. David, at least through May 3, 1983, assured Brenda and Jody that grant money would soon be available to them. In fact state financial assistance was not available for Academy students until six months after the opening of the first class in March 1983, and federal aid was not available until 1985 at the earliest.

The brief of plaintiffs-appellants states: "The Commission properly found that this delay [in sending in the termination forms] occurred and that this was a violation of 4 CSR 90–2.010(5)(a) and that the academy license of Josephine was consequently subject to discipline pursuant to § 329.140.2(6)." The Commission found that the conduct of the Academy, in failing to forward the termination forms within a reasonable time, violated the regulation.

The Commission found that the Academy was responsible for the conduct of David O'Brien. The Commission also found that the conduct of the Academy, in assisting Josephine "and others" to act as instructors contrary to law, subjected the school license to discipline under § 329.140.2(10). Although the Commission found that the violations by the Academy were ones "for which discipline of its license will lie," it made no recommendation with respect to discipline.

The Board entered its order suspending the license of the Academy for a period of one year and, on termination of the suspension, that license will be placed on probation for a period of five years. The following terms and conditions apply during the period of suspension: Josephine is ordered to return all documents to the Board which evidence the existence of the cosmetology school license and Josephine "shall henceforth refrain from engaging in any activity or conduct in the State of Missouri for which a cosmetology school license is required"; Josephine "is ordered to immediately submit termination forms and student licenses to [the Board] for all students enrolled at [the Academy]"; during this period [of suspension] Josephine shall pay the Board in a timely fashion all the requisite fees required by law to renew and keep current [her] cosmetology school license; and Josephine shall comply with all provisions of § 329 RSMo and with all federal and state criminal laws.

During the period of probation, the following terms and conditions apply: Josephine shall pay to the Board in a timely fashion all the requisite fees required by law to renew and keep current [her] cosmetology school license and shall comply with all provisions of § 329 RSMo and with all federal and state criminal laws.

This court holds that the order of the Board with respect to the school license of the Academy, held in the name of Josephine, was not arbitrary, capricious, or unreasonable and did not involve an abuse of discretion. Plaintiffs' point, with respect to that license and the Board's order concerning same, has no merit.

The briefs of the parties and the legal file fail to reflect whether the Board or the trial court took any action to stay the enforcement of the Board's order pending the filing and final disposition of the review proceedings. See § 536.120. This court does not know whether any of the licenses mentioned in the first paragraph of this opinion has in fact undergone suspension or probation. The judgment is affirmed and the cause is remanded to the trial court with the following directions: The trial court shall determine whether each of the licenses has in fact undergone any period of suspension or probation and, if so, the extent thereof. The trial court, based on that information, shall, with respect to each license, affirm the order of the Board or, if necessary, modify the same by making appropriate changes in the dates of the periods of suspension or probation, or both, so as to effectuate the sanctions imposed by the Board as described in the first paragraph of this opinion.

HOGAN and MAUS, JJ., concur.