**STATE ex rel. WESTERN OUTDOOR ADVERTISING CO., Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

**No. WD 41636.**

Missouri Court of Appeals, Western District.

Sept. 19, 1989.

Anita F. Stansfield, Jefferson City, for appellant.

Stephen G. Newman, Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

The Missouri Highway and Transportation Commission (hereinafter the Commission) appeals the judgment of the trial court setting aside its order that respondent, Western Outdoor Advertising Co., (hereinafter Western) remove an outdoor advertising sign.

The sign involved herein is located 7.1 miles south of Route 52, adjacent to Route 71, in Bates County, Missouri. The sign is not located within an incorporated municipality nor is it within 600 feet of a commercial or industrial activity. It was erected prior to January 1, 1968, the date when the control provisions of the first Highway Beautification Law became effective in Missouri. Since the time it was erected, the sign advertised Nickerson Farms. On April 19, 1978, Western was issued a permit by the Commission's district engineer, to maintain the sign as a nonconforming outdoor advertising structure. A renewal permit was issued January 14, 1980.

Sometime in April, 1978, a sign advertising Apache Motel was attached to the north side of Western's sign in a back-to-back manner. The Apache Motel sign was approximately 10 × 30, the same size as the Nickerson Farms sign. Harry Harris, an employee of Western, discovered the Apache sign in the spring of 1978 and notified Western's service manager. According to Mr. Harris, this was the first notice that any officer, agent or employee of Western had of the Apache Motel sign.

Mr. Harris testified that after being notified of the Apache Motel sign, Western's service manager sent a proposed lease agreement to a representative of Apache. The lease was entered between Apache and Western on May 2, 1978.

On July 15, 1981, the Commission issued a notice to Western by certified mail to terminate the nonconforming sign, citing the loss of nonconforming status, due to the increase in size, created by the addition of the Apache Motel sign, which was prohibited by 7 CSR 10–6.060(3)(C). On July 27, 1981, Western removed the Apache Motel sign, but did not remove the Nickerson Farms sign. By letter dated August 31, 1981, the Commission's district engineer acknowledged removal of the Apache Motel sign, but instructed Western to remove the Nickerson Farms sign by September 15, 1981.

Western requested an administrative review of the notice. The parties submitted partial stipulations and on January 5, 1982, an administrative hearing was held.

On January 8, 1988, some six years later, the Commission entered its final order determining that the increase in size of the sign violated 7 CSR 10–6.060(3), thus causing the sign to lose its nonconforming status and subjecting it to removal within thirty days.

Western then petitioned the circuit court for an administrative review. The circuit court set aside the final order of the Commission on December 30, 1988, and the Commission filed a timely notice of appeal.

In its sole point on appeal, the Commission claims that the trial court erred in

setting aside the final order and in directing the Commission to withdraw its notice to terminate because there was substantial evidence to support the Commission's finding that the increase in the size of Western's sign was in violation of 7 CSR 10–6.060(3)(C).

On appeal, this court reviews the Commission's findings and decision, not the judgment of the trial court. *Hulshof v. Missouri Highway and Transportation*, 737 S.W.2d 726, 727 (Mo. banc 1987). The determination to be made is whether the Commission's findings were supported by competent and substantial evidence on the record as a whole. *Id.*

The Commission implemented 7 CSR 10–6.060(3)(C), which directs that an increase in size of a sign, subsequent to the date the sign receives its nonconforming status, subjects the sign to removal. That section has been the subject of review and has been held to be valid by the Missouri Supreme Court in *Hulshof*, 737 S.W.2d at 727.

It is not disputed that Western maintained a nonconforming sign, which is defined by 7 CSR 10–6.015(14) as a sign which was lawfully erected but which does not conform to the requirements of state statutes enacted at a later date. As previously stated the Nickerson Farms sign was erected prior to January 1, 1968, the date when the control provisions of the first Highway Beautification Law became effective. The current billboard law in § 226.500, RSMo 1986, et seq. was effective March 30, 1970.

▪ Further, although somewhat disputed by Western, the addition of the Apache Motel sign increased the size of Western's sign as the measurement of a sign applies to each face on a back to back structure pursuant to § 226.540(2), RSMo 1986.

▪ The Commission maintains that the increase in the size of the sign was a violation of 7 CSR 10–6.060(3)(C) warranting removal of the sign. Numerous cases are cited as authority by both parties. The Commission primarily relies on the previously cited case of *Hulshof* and *Independent Stave Co., Inc. v. Missouri Highway and Transportation Comm'n*, 748 S.W.2d 870 (Mo.App.1988). Western relies primarily on the cases of *Roberts v. Missouri Highway and Transportation Comm'n*, 741 S.W.2d 815 (Mo.App.1987), *Boyce Industries, Inc. v. Missouri Highway and Transportation Comm'n*, 693 S.W.2d 293 (Mo.App.1985) and *Headrick Outdoor, Inc. v. Missouri Highway and Transportation Comm'n*, 770 S.W.2d 737 (Mo.App.1989).

In *Hulshof* the size of a non-conforming sign was almost doubled. The Supreme Court held that Hulshof did not correct the violation and that the enlargement was not inadvertent because it was the deliberate choice made by Hulshof as lessee of the sign, not a mistake made by a repair crew. *Hulshof*, 737 S.W.2d at 727, 728. The Court went on to distinguish the *Boyce* case cited by Western, finding it to be inapplicable. The Court noted that *Boyce* involved a nonconforming sign which was damaged during a storm and inadvertently enlarged when the repair replaced the damaged sign panels. *Hulshof*, 737 S.W.2d at 728. In finding *Boyce* inapplicable the Court reasoned that that case "must not be construed as authority for the proposition that sign owners may avoid the consequences of violating billboard regulations by claiming ignorance of the infraction, nor is it to be considered controlling except within the 'facts and circumstances of [that] case.' " *Id.*

It is not necessary to belabor this discussion with an extensive review of the case law on this point. This is so, because the crux of the parties' argument centers on whether Western inadvertently maintained the Apache Motel sign. It stretches the bounds of imagination to believe that the Apache sign was inadvertently maintained when one considers that a lease was entered between Western and Apache less than one month from the time the sign was erected. Western makes much of the fact that it promptly removed the Apache Motel sign after receiving notice from the Commission to terminate. This argument overlooks the fact that the Apache Motel sign was maintained pursuant to a lease, thus negating the inadvertence theory and es-

tablishing that the sign was maintained in clear violation of 7 CSR 10–6.060(3)(C). Therefore, said regulation authorized the Commission to terminate the billboard's status as a nonconforming sign and to order its removal.

The Commission's decision was based on competent and substantial evidence, was not arbitrary or unreasonable and did not constitute an abuse of discretion. The judgment of the Circuit Court is hereby reversed and the cause remanded for entry of judgment affirming the order of the Commission.

All concur.