**STATE ex rel. WESTERN OUTDOOR ADVERTISING COMPANY, Appellant,**

v.

**STATE HIGHWAY AND TRANSPORTATION COMMISSION OF the STATE OF MISSOURI, Respondent.**

**No. WD 43858.**

Missouri Court of Appeals, Western District.

July 30, 1991.

Stephen G. Newman, Sondra B. Morgan, Jefferson City, for appellant.

Rich Tiemeyer, Chief Counsel, Jefferson City, for respondent.

Before BERREY, P.J., and LOWENSTEIN and ULRICH, JJ.

BERREY, Presiding Judge.

Western Outdoor Advertising Company (Western) appeals from decision of Circuit Court of Cole County which upheld an order of the Missouri State Highway and Transportation Commission to remove a sign which allegedly had lost its nonconforming status.

The facts and time frame within which the state chose to pursue this matter are unfortunate; a position the highway department has been in before in its sign enforcement program.

The sign in question is located in Scott County, 13.33 miles south of Route 74 and adjacent to Interstate 55 on the west side of the road. The sign is within 660 feet of the right-of-way of Interstate 55 and is visible from Interstate 55.

The sign was erected prior to January 1, 1968. It was a single-face sign for northbound traffic advertising Nickerson Farms. On June 26, 1972, Western applied for and was subsequently granted a permit for the sign. The sign measured 320 square feet. Subsequently in April, 1976, a second face was attached facing southbound traffic, also measuring 320 square feet.

Western requested a biennial inspection in May, 1976. The Commission did not renew the permit. Instead it issued a notice on October 26, 1976, to remove the outdoor advertising as the sign allegedly violated the Commission's rules since the sign had increased by 320 additional square feet. On November 4, 1976, appellant filed a written request for administrative review. Appellant removed the offensive sign prior to December 3, 1976. On December 17, 1976, the commission acknowledged the removal of the 320 square foot northbound sign. The Commission advised it would pursue this alleged violation as a material change in the sign. *However, at the hearing the Commission abandoned this claim.*

The case languished from December, 1976, until August 25, 1982, when another notice was sent to appellant scheduling a hearing for September 8, 1982. This notice was to terminate a nonconforming sign,

*alleging the sign's size was changed after March 2, 1973, and before October 15, 1977.* The case was finally heard April 5, 1983.

On December 6, 1989, some thirteen years after the Commission issued its first notice to remove the sign this bureaucracy issued its order to remove the sign within thirty days.

Appellant alleges four points of error: (1) that the Commission's order is not supported by competent and substantial evidence on the whole record, is arbitrary and the notice of April 25, 1982, is contrary to state law; (2) that the Commission abused its discretion by unreasonably delaying the issuance of its final order for six years between the time of the alleged violation and the notice of termination; (3) that the Commission's own order violates 7 CSR 10–6.090(10) and (11); and (4) that the Commission cites authority not effective at the time of the alleged violation.

■ Upon review of the Commission's decision, this court reviews the agency's findings and decision, not the judgment of the trial court. *Osage Outdoor Advertising, Inc. v. Missouri Highway and Transportation Commission,* 677 S.W.2d 389 (Mo.App.1984). Our review determines whether the Commission's decision was supported by competent and substantial evidence upon the whole record, whether it was arbitrary, capricious or unreasonable or whether the agency has abused its discretion. *Id.* In the instant case it is clear that an abuse of the Commission's discretion has occurred as the decision violates Missouri law.

The Commission's original notice to remove, dated October 26, 1976, alleged that Western violated Section X of the applicable regulations in that a material change had occurred where the sign had increased 300 (sic) square feet in size. On August 25, 1982, *a new notice was issued.* At the time of this notice, however, there was no violation as Western had promptly removed one face of the sign after issuance of the first notice. The 1982 notice relies upon 7 CSR 10–6.060(3), the successor to Section X. There is no statutory authority for the

amendment of notices or relation back of amended notices.

The Commission stated that procedural administrative rules operate retrospectively and that "[c]learly, the change in the type of notice of violation of the Commission's administrative rule is procedural." The rule change, however, concerning the type of notice required affected substantive rights and was not, therefore, procedural in nature. Taking away appellant's remedy constitutes a change in substantive rights.

The substantive right affected by the change in regulations concerns the right to take remedial action after notification. Prior to October 15, 1977, a notice to remove had to describe the deficiency and specify remedial action. 7 CSR 10–60.30(11)(B). The notice had to ask the owner to advise the Commission whether such action was taken within the 30–day period. The applicable rule at that time § 7 CRS 10–6.030(11)(6), reads as follows:

**(B) Notice to Remove.**

1. The State Highway Commission will notify the owner of a sign which is considered to be unlawful for any of the reasons set forth in subsection (11)(A) of this rule, describing the deficiency or basis for the alleged unlawfulness and also specifying any required remedial action. The notice shall state that if any required action is not taken within 30 days after service of the notice, the sign will be removed. Such notice shall be served by certified mail or by personal service also to the owner of the land involved if other than the owner of the sign. The notice shall advise the owner of his right to an administrative review of the action of the commission upon receipt of a written request for same. Said owner will also be asked, in the notice, to advise the commission promptly at a specified address if the required remedial action is taken within the 30 day period.

The notice sent to Western by the Commission on October 26, 1976, contained the following language, "The sign owner may have 30 days from receipt of this notice to correct the unlawful condition specified...." After receiving this notice Western took down a sign panel, reducing the

sign to its original 32' × 10' size and notified the appropriate District Engineer of its action by letter dated December 3, 1976.

The notice of August 25, 1982, sent many years after the remedial action had been taken, gave as a violation that "the size of the sign has been changed." At the time the Commission made its decision, the rule in effect did not allow for remedial action, 7 CSR 10–6.60, effective October 15, 1977. This constituted an ex post facto law.

The Missouri Constitution provides "[t]hat no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making an irrevocable grant of special privileges or immunities, can be enacted." Mo. Const. art. I, § 13. The term "retrospective" as used in the Constitution refers exclusively to laws concerning civil rights and remedies. *State ex rel. Webster v. Myers,* 779 S.W.2d 286, 289 (Mo.App.1989). The constitutional prohibition against such laws does not mean that no statute relating to past transactions can be passed, but that no statute can be allowed retrospective operation "so as to effect such past transactions to the substantial prejudice of parties interested." *Fisher v. Reorganized School District No. R–V of Grundy County,* 567 S.W.2d 647, 649 (Mo. banc 1978).

The doctrine that procedural statutes operate retrospectively is applicable to administrative rules. *State v. Kummer,* 741 S.W.2d 285, 289 (Mo.App.1987). The converse of this proposition must also prove true; laws affecting substantive rights shall not be applied retrospectively in administrative cases. The Commission's decision affects the right of appellant to take the remedial action afforded by Section X, subsequently eliminated by 7 CSR 10–6.060(3) in 1982, and thus cannot be allowed to stand. The judgment is reversed and remanded to the circuit court for proceedings not inconsistent with this decision.

All concur.