**OVERLAND OUTDOOR ADVERTISING COMPANY, INC., Plaintiff/Appellant,**

v.

**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant/Respondent.**

No. 64638.

Missouri Court of Appeals, Eastern District, Division Two.

May 24, 1994.

John S. Pletz, Venters, Pletz and Reed, P.C., Jefferson City, for appellant.

Rich Tiemeyer, Chief Counsel, Kim R. Reid, Asst. Counsel, Mo. Highway & Transp. Comm'n, Chesterfield, for respondent.

KAROHL, Judge.

Overland Outdoor Advertising Company, Inc. (Overland) appeals from an order of the Circuit Court of Franklin County affirming an order of the Missouri Highway and Transportation Commission (Commission) requiring removal of highway signs. We remanded this cause in a prior appeal on grounds unrelated to the issues presented here. *Overland Outdoor Advertising Co., Inc. v. State ex rel. Missouri Highway and Transp. Comm'n,* 823 S.W.2d 138 (Mo.App.1992). The Commission held an evidentiary hearing at Overland's request after it received notice to remove two signs. An order was entered for removal of the signs. Overland filed a petition in the circuit court on the authority of the Administrative Procedure and Review Act, Chapter 536 RSMo, alleging it was aggrieved by the Commission's order. The circuit court affirmed after finding the orders were supported by competent and substantial evidence. We affirm.

This dispute began when the Highway Commission served upon Overland notices to remove outdoor advertising signs as authorized by § 226.580 RSMo 1969. The basis of the notice was that the signs were unlawful under the provisions of § 226.520 RSMo 1969 which provided in part that, "On and after January 1, 1968 no outdoor advertising shall be erected or maintained within six hundred sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is a part of the interstate or primary system in this state except the following: . . ." [1] Five exceptions are set forth, none of which make lawful either of the signs involved in this dispute. Sign # W–64–27 is located along Interstate 70 (I–70) in Montgomery County, Missouri, three quarters of a mile west of the Warren County, Missouri line on the north side of the

---

1. Section 226.520 RSMo 1969 was subsequently amended by replacing January 1, 1968 with March 30, 1972.

highway. Sign # E–64–4 is located along I–70 in Montgomery County, 2.7 miles east of Route 19, on the south side of the highway. Both signs are within 660 feet of the highway and are visible from the highway, making them subject to the provisions of §§ 226.500 through 226.600. The Commission described these signs as unlawful by reason of violation of the location provisions of §§ 226.520(5) and 226.540(4) RSMo 1969. It also alleged # E–64–4 was unlawful for the further reason that it violated spacing restrictions contained in § 226.540(3)(b) RSMo 1969 because it was erected within 150 feet of an existing sign.

In reviewing an appeal from a judgment of the circuit court affirming an agency decision in a contested case, we review the agency decision. *Osage Outdoor Advertising, Inc. v. Missouri Highway and Transp. Comm'n,* 677 S.W.2d 389, 390 (Mo.App.1984). It will be upheld if supported by substantial and competent evidence. *Id.*

Overland's first claim of error is the Commission erred in finding that the signs were erected after January 1, 1968, but before March 30, 1972, in violation of the Missouri Highway Beautification Act, §§ 226.500 *et seq.* RSMo 1969. Overland contends there was no evidence to support the findings on that disputed fact issue because the only evidence supporting the findings was hearsay in the form of its own applications to maintain the signs. Overland filed two applications for permits to maintain outdoor advertising signs with the Commission. With regard to sign # W–64–27, Overland stated in the application that the sign was erected on or about May 1, 1971. With regard to sign # E–64–4, it stated that the sign was erected on or about May 1, 1969.

This claim fails for a number of reasons. First, there never was a hearsay objection. The only objection at the hearing was improper foundation. A litigant may not interpose one objection to the trial court and a different objection on appeal. *Fallert Tool and Engineering Co., Inc. v. McClain,* 579 S.W.2d 751, 758 (Mo.App.1979). Second, the content of the applications, including the stated dates on which the signs were erected,

were statements of Overland. They were not hearsay. The statements contained in the applications were admissions because they were voluntary acknowledgements by Overland of certain facts, relevant to the disputed issue of time of sign construction, and the statements were unfavorable to Overland's position. *Around the World Importing, Inc. v. Mercantile Trust Co.,* 795 S.W.2d 85, 89 (Mo.App.1990). Third, the applications were business records of Overland. Section 536.070(10) RSMo 1986. Point denied.

Overland's second complaint relates only to sign # E–64–4. It argues that even if there is evidence the sign was erected after 1968, there was no competent and substantial evidence that it was not erected in a lawful location because it was located within 1000 feet of a commercial or industrial activity, and §§ 226.520 and 226.540(4) RSMo 1969 provided for that exception. The burden of proving an exception to the general prescription against signs within 660 feet of the right-of-way belongs to Overland. *State ex rel. Whiteco Metrocom v. State Highway and Transp. Comm'n,* 689 S.W.2d 366, 367 (Mo.App.1985). A permit inspector for the Commission testified before the hearing examiner that there was no indication that the sign was ever located within a thousand feet of another commercial, industrial activity since its erection. The permit applications submitted by Overland were blank in the sections requesting information regarding what commercial or industrial activity was in existence at the date of erection. This was competent and substantial evidence to support a finding the sign was unlawful when erected.

Overland's last claim of error also relates only to sign # E–64–4. It alleged that the violation of spacing was not proven for lack of competent and substantial evidence that its sign was erected after another sign, where the two are closer than 150 feet. It does not deny the testimony of the permit inspector that the signs are closer than 150 feet. The inspector was asked, "Is there any indication that the sign ever existed outside of [one hundred fifty feet] from another structure?" He answered there was no such indication. This evidence was admitted with-

out objection and was sufficient to support the finding.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.