**272**

**PECAN SHOPPE OF SIKESTON, INC.,
d/b/a Stuckey's Pecan Shoppe No. 25,
Plaintiff–Respondent,**

**v.**

**MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Defendant–Appellant.**

**No. 16178.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1989.

Janice S. Ellis, Judy L. Curran, Spring-
field, Rich Tiemeyer, Jefferson City, for
defendant-appellant.

King E. Sidwell, Blanton, Rice, Sidwell &
Ottinger, Sikeston, John S. Pletz, Venters,

Pletz & Reed, P.C., Jefferson City, for
plaintiff-respondent.

FLANIGAN, Presiding Judge.

The State Highway and Transportation
Commission ("the Commission") appeals
from a judgment of the Circuit Court of
New Madrid County which reversed orders
of the Commission which required Pecan
Shoppe of Sikeston, Inc., d/b/a Stuckey's
Pecan Shoppe No. 25, plaintiff in the trial
court and respondent here, to remove two
outdoor advertising signs, located in New
Madrid County adjacent to Interstate
Route 55, which were found to be violative
of the Missouri Billboards Act, (§§ 226.-
500–226.600).[1]

Although each sign was the subject of a
separate proceeding, the two were consol-
idated for the evidentiary hearing before
the Commission. The Commission found
that each sign was erected "after January
1, 1968, but before March 30, 1972," was in
violation of the location restrictions found
in §§ 226.520(5) and 226.540(4), and was
subject to removal without compensation.
The Commission, by separate orders, re-
quired respondent to remove each sign
within 30 days.

Thereafter, respondent timely filed in the
trial court a petition for review of the Com-
mission's orders. The judgment of the tri-
al court, which reversed the orders of the
Commission, recited that they were unsup-
ported by competent and substantial evi-
dence upon the whole record. The Com-
mission appeals.

The Commission's sole point is that its
orders were supported by competent and
substantial evidence on the whole record
"in that the evidence shows that the signs
were erected in violation of the location
provisions of [the Missouri Billboards Act]
and supports the Commission's determina-
tion that the signs are illegal."

"Judicial review of administrative fac-
tual determinations is limited to whether
the decision was supported by substan-
tial and competent evidence, to whether
the decision was arbitrary, capricious, or
unreasonable, or to whether the agency

---

1. All references to statutes are to RSMo 1986,  V.A.M.S.

action constituted an abuse of its discretion.... The evidence is to be viewed in a light most favorable to the agency decision.... If the evidence supports either of two contrary conclusions, the agency decision must prevail.... When an agency sits as an administrative tribunal, determination of the credibility of the witnesses is an agency function.... The reviewing court may not substitute its own judgment and the court may not set aside the administrative decision unless clearly contrary to the overwhelming weight of the evidence."

*Gamble v. Hoffman,* 732 S.W.2d 890, 892[1] (Mo. banc 1987).

This court reviews the findings and decision of the Board, not the judgment of the Circuit Court. *Hulshof v. Mo. Highway & Transp. Com'n,* 737 S.W.2d 726, 727 (Mo. banc 1987).

Seeking to uphold the judgment of the trial court, respondent points to only one alleged factual deficiency in the record before the Commission. Respondent claims that there was no evidence that either sign was erected "on or after January 1, 1968."

At the evidentiary hearing before the Commission, Craig Brinkman gave testimony with regard to each sign. Brinkman is a permit inspector employed by the Commission in District No. 10, which includes New Madrid County. Brinkman testified that his duties were "to enforce the outdoor advertising law, to issue notices to remove such structures determined to be illegal."

With respect to the first sign, Brinkman testified that he was familiar with it and described its location. Brinkman then gave the following testimony with regard to the first sign:

"Q. Do you have an indication of what time period the sign was erected?

A. I have a special—

Q. During the time period.

A. Erected from January 1st, '68 and before March 30th, 1972.

Q. I would now like to hand you what has been marked Commission's Exhibit No. 4 and have you identify that for me, please.

A. It's a Special Application for Permit to Maintain Outdoor Advertising that was submitted by Stuckey's Pecan Shoppe, at that time Glenn Stanford, Agent, which substantiates that the sign was erected on the 22nd day of July, 1969."

The foregoing testimony was received without objection and so was Exhibit 4.

With regard to the second sign, Brinkman testified as follows:

"Q. Do you have an idea of what time period this sign was erected?

A. The sign was erected between January 1st, 1968 but before March 30th, 1972.

Q. I would now like to hand you what has been marked Commission's Exhibit No. 4 and ask you to identify that for me, please.

A. Special Application for Permit to Maintain Outdoor Advertising which was submitted by the owner agent of the Pecan Shoppe, who was then Stanford, and the owner represents that the sign was erected on the 22nd day of July 1969,"

The foregoing testimony, together with the Exhibit 4 mentioned in it, was received without objection.

In this court respondent attempts to challenge the weight of the foregoing evidence. This court holds that the foregoing evidence was sufficient to support the finding of the Commission, with respect to each sign, that "the sign was erected after January 10, 1968, but before March 30, 1972." See *Scaman v. Mo. Highway & Transp. Commission,* 736 S.W.2d 58, 61[3] (Mo. App.1987); *State, Etc. v. State Highway Commission,* 624 S.W.2d 453, 457 (Mo.App. 1981).

The judgment of the Circuit Court of New Madrid County, reversing the orders of the Commission, is reversed.

MAUS and PREWITT, JJ., concur.