v.

**TRANSAMERICA INSURANCE CO., et al., Defendants–Appellants.**

No. 64268.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1994.

**Pat JONES, Plaintiff–Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant–Respondent.**

No. 18819.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1994.

Before SIMON, P.J., and PUDLOWSKI and GRIMM, JJ.

*ORDER*

PER CURIAM.

Respondents' motion to dismiss and respondent Unnerstall Contracting Company's

Craig A. Smith, Springfield, for plaintiff-appellant.

Kim Reid, Chesterfield, for defendant-respondent.

SHRUM, Judge.

Pat Jones appeals from a judgment of the Webster County Circuit Court that affirmed the findings and orders of the Missouri Highway and Transportation Commission requiring Jones to remove two billboards located along an interstate highway. Jones charges that the Commission failed to produce substantial and competent evidence that the signs were unlawful. We agree with Jones and reverse.

## FACTS

The Commission sent notices to Jones in April 1979 and September 1981 directing that he remove two signs owned by him located along I–44. In each notice the Commission charged that the described sign was unlawful "under Section 226.580 RSMo"[1] because it was erected after January 1, 1968, but before March 30, 1972, contrary to the location provisions of §§ 226.520 and 226.540, RSMo 1969. Jones requested a hearing before the Commission on both notices.

The Commission held hearings on November 7, 1990. Bobby Thompson, an employee of the Commission since 1969, testified that the Commission kept track of outdoor signs by inventories that list all signs in existence at the date of each inventory. Thompson admitted that he had no personal knowledge

of when Jones's two signs were erected. Instead, he relied on two inventories, one taken April 30, 1966, which did not list the two signs as along I–44, and the second taken June 20, 1972, which did list their existence on I–44. From this, Thompson testified that the signs were erected between "between 1968 and 1972." The Commission offered no other evidence regarding the date of erection of the signs. Jones offered no evidence.

On November 1, 1991, the Commission found that the signs were erected after January 1, 1968, but before March 30, 1972, and were not "lawfully existing signs and are subject to removal without compensation." It ordered Jones to remove the signs within thirty days.

Jones sought judicial review of the Commission's orders. After review of the record, the trial court affirmed the Commission's orders. Jones appeals from that judgment.

## DISCUSSION AND DECISION

In his first point, which is dispositive, Jones charges that there "was no competent and substantial evidence to support the conclusion that the signs were unlawful, in that the only evidence to support the conclusion was purely speculative testimony from witness Thompson, who admitted that he 'presumed' that the signs were erected after January 1, 1968, and before April 30, 1972." In the argument portion of his brief, Jones correctly points out that Thompson's conclusion was based solely on the inventories. He argues that the only permissible inference that the Commission could have drawn from the evidence was that the signs were erected after April 30, 1966, and before June 20, 1972. Continuing, Jones insists that such inference does not provide competent and substantial evidence that the signs were unlawful.

We examine first the scope and standard of our review. When we examine a trial court's judgment that affirms or reverses the decision of an administrative agency in a contested case, we review "the agen-

1. The Commission did not state in their notices what version of § 226.580 it was referring to, i.e., the original enactment in 1965, the 1972

amended provision, or the 1976 amended version.

cy's findings and decision." *Hulshoff v. Missouri Highway and Transp. Comm'n,* 737 S.W.2d 726, 727 (Mo. banc 1987).

> " 'Judicial review of administrative factual determinations is limited to whether the decision was supported by substantial and competent evidence, to whether the decision was arbitrary, capricious, or unreasonable, or to whether the agency action constituted an abuse of its discretion.... The evidence is to be viewed in a light most favorable to the agency decision ... If the evidence supports either of two contrary conclusions, the agency decision must prevail ... When an agency sits as an administrative tribunal, determination of the credibility of the witnesses is an agency function....' "

*Pecan Shoppe v. Missouri Highway and Transp. Comm'n,* 781 S.W.2d 272, 273 (Mo. App.1989), quoting *Gamble v. Hoffman,* 732 S.W.2d 890, 892 (Mo. banc 1987).

> " 'Substantial evidence is that which a reasonable mind would accept as sufficient to support a particular conclusion, granting all reasonable inferences which can be drawn from it....' " *Farmers and Merchants Ins. Co. v. Harris,* 814 S.W.2d 332, 334 (Mo.App. 1991), quoting *Fujita v. Jeffries,* 714 S.W.2d 202, 206 (Mo.App.1986). " 'Substantial evidence is evidence which, if true, has probative force upon the issues....' " *Farmers and Merchants Ins. Co.,* 814 S.W.2d at 334, quoting *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 335 (Mo.App.1983).

Jones's signs were lawful in 1979 and 1981, when his notices were served, if the signs were (1) erected before January 1, 1968, or (2) erected after January 1, 1968, but otherwise met the requirements of the then existing statute. § 226.550.2(1) and (2) and 7 CSR 10–6.015(10)(11). The Commission had to prove what it charged in its "Notice to Remove," specifically that Jones's signs were erected after January 1, 1968, but before March 30, 1972, and that they violated the statutes cited in the notices. 73A C.J.S. *Public Administrative Law and Procedure,* § 128 (1983).

The inventories are the only foundation for Thompson's conclusion that the signs were erected after January 1, 1968. They show that the signs were erected after April 30, 1966, but before June 20, 1972. That is *not* substantial and competent evidence that supports Thompson's conclusory testimony that the signs were erected after January 1, 1968. When the Commission found that the signs were erected between January 1, 1968 and June 20, 1972, it ignored the possibility, as did Thompson, that they were placed along I–44 between April 30, 1966, and December 31, 1967. The Commission's finding that the signs were erected after January 1, 1968, is unreasonable and cannot be reconciled with the definition of substantial evidence, i.e., "that which a reasonable mind would accept as sufficient to support a particular conclusion, granting all reasonable inference which can be drawn from it." See *Farmers and Merchants Ins. Co.,* 814 S.W.2d at 334. As the inventories were the only evidence from which the sign erection dates could reasonably be inferred, the Commission's finding that they were erected after January 1, 1968, is grounded upon speculation only.

The Commission is correct when it argues that we are not to substitute our judgment for that of the Commission even when the evidence will support a contrary finding. *Saidawi v. Giovanni's Little Place,* 805 S.W.2d 180, 182 (Mo.App.1990). It also is correct in saying that Thompson's credibility was for the Commission to decide. However, those principles have no application here. We are not substituting our judgment for that of the Commission nor are we judging Thompson's credibility. Instead, we find that neither Thompson's conclusory testimony based upon the inventories nor the inventories themselves are substantial and competent evidence which can support a reasonable inference that the signs were erected after January 1, 1968. The Commission, having offered no other evidence, failed to prove the signs were unlawful. The Commission's findings that the signs were erected after January 1, 1968, being unsupported by substantial and competent evidence, are arbitrary and capricious, and cannot stand.[2] *Blackwell v.*

---

2. We have not ignored cases cited by the Com-

mission but find they do not support its position

**524**

*City of St. Louis,* 726 S.W.2d 760, 763 (Mo. App.1987).

We reverse.

PARRISH, C.J. and MONTGOMERY, J., concur.

because of factual differences. In *Pecan Shoppe,* 781 S.W.2d 272, there was evidence in the record, via the sign owner's permit application, that the sign was erected on July 22, 1969. No such evidence exists in this case. In *Scaman v. Missouri Highway and Transp. Dept.,* 736 S.W.2d 58 (Mo.App.1987) and *State ex rel. National Advertis-* *ing Co. v. State Highway Comm'n,* 624 S.W.2d 453 (Mo.App.1981), the issue was the *current location* of the signs, a circumstance that was within the inspector's realm of knowledge. Moreover, in *National Advertising,* the inventory evidence left no time frame unaccounted for as to when the signs could have been erected.